**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| Robert Bryant, Individually and as parent and next friend of Kayla Marie Bryant, Plaintiff, | ) | Civil Action No. 07-104ML |
| v. | ) | |
| Olabode Odunaike and Trucklease Corporation, Alias and Does 1 thru 5, Defendants. | ) | |

**ANSWER OF THE DEFENDANT,**
**TRUCKLEASE CORPORATION, DEMAND FOR JURY TRIAL, AND CROSS-CLAIM AGAINST UNITED STATES**

**COUNT I**

1. The Defendant can neither admit nor deny the allegations of Paragraph 1 of Count I of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

2. The Defendant admits the allegations of Paragraph 2 of Count I of the Complaint.

3. The Defendant can neither admit nor deny the allegations of Paragraph 3 of Count I of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

4. The Defendant can neither admit nor deny the allegations of Paragraph 4 of Count I of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

5. The Defendant denies the allegations of Paragraph 5 of Count I of the Complaint.

6. The Defendant can neither admit nor deny the allegations of Paragraph 6 of Count I of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

7. The Defendant denies the allegations of Paragraph 7 of Count I of the Complaint.

8. The Defendant denies the allegations of Paragraph 8 of Count I of the Complaint.

Wherefore, the Defendant demands that Count I of the Complaint be dismissed and that judgment enter thereon for Defendant, together with costs.

**COUNT II**

9. The Defendant can neither admit nor deny the allegations of Paragraph 9 of Count II of the Complaint because it is without knowledge or information sufficient to form a belief as to the truth of the said allegations.

10. The Defendant repeats and realleges herein by reference its answers to Paragraphs 1-9 of the Complaint as if set forth word for word.

11. The Defendant denies the allegations of Paragraph 11 of Count II of the Complaint.

Wherefore, the Defendant demands that Count II of the Complaint be dismissed and that judgment enter thereon for Defendant, together with costs.

AFFIRMATIVE DEFENSES

First Affirmative Defense

And further answering, the Complaint fails to state a claim against the Defendant upon which relief can be granted.

Second Affirmative Defense

And further answering, the Plaintiff's damages should be barred in whole or in part due to a failure to mitigate.

Third Affirmative Defense

And further answering, there is no negligence, gross negligence, willful, wanton or malicious misconduct, reckless indifference, or reckless disregard toward the Plaintiff, or malice, (actual, legal or otherwise) on the part of the Defendant toward the Plaintiff.

Fourth Affirmative Defense

And further answering, if the Plaintiff suffered any damage or injury herein, it resulted from a risk which Plaintiff voluntarily, knowingly and willingly assumed.

Fifth Affirmative Defense

And further answering, the Defendant says that the Plaintiff is barred from recovery because the acts which Plaintiff complains of were caused by the acts or omission of third persons over whom the Defendant exercised no control and for whose conduct the Defendant bears no responsibility.

Sixth Affirmative Defense

And further answering, the Plaintiff's action and any damages are barred in whole or in part by the comparative fault of the Plaintiff.

Seventh Affirmative Defense

And further answering, if the Plaintiff is entitled to recover against the Defendant, which the Defendant denies, than any recovery must be reduced in accordance with the comparative fault of the Plaintiff.

Eighth Affirmative Defense

And further answering, Defendant acted in an emergency situation and liability is thereby reduced or extinguished under the emergency doctrine.

**Demand for Jury Trial**

The Defendant demands a trial by jury.

**CROSS-CLAIM AGAINST THE UNITED STATES**

(Count I – Defense and Indemnification)

1. On information and belief, the vehicle driven by Defendant Odunaike was leased by Defendant Trucklease Corporation to the United States at the time of Plaintiffs' alleged inuries.

2. For purposes of this litigsation, the United States stands in the shoes of Defendant Odunaike.

3. On information and belief, according to the terms of the applicable lease, the United States is required to indemnify and otherwise hold harmless Defendant Trucklease Corporation from any and all claims for injury to persons or damage to property and from any and all expenses incurred in the defense of such claims.

Wherefore, Defendant seeks to have the United States provide defense and indemnity for any claims against it by Plaintiff and that judgment enter in its favor on its indemnity claim.

The Defendant,
Trucklease Corporation,

By its attorney,

/s/ Michael D. Urban
Michael D. Urban
RI Bar No. 5611
Law Offices of Jacqueline L. Allen
One Liberty Square, 12th Floor
Boston, MA 02109
617-878-4618

**CERTIFICATE OF SERVICE**

I, Michael D. Urban, attorney for the Defendant, Trucklease Corporation, in the above-entitled action, hereby certify that on the 4 day of April, 2007, I electronically filed a copy of the within Answer to Plaintiff's Complaint through the ECF system of the United States District Court for the District of Rhode Island.

/s/ Michael D. Urban
RI Bar No. 5611
Law Offices of Jacqueline L. Allen
One Liberty Square, 12th Floor
Boston, MA 02109
617-878-4618