**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROBERT BRYANT, individually and as parent and next friend of KAYLA MARIE BRYANT,** | ) | |
| **Plaintiffs** | ) | |
| **vs.** | ) | **C.A. NO. 07-104ML** |
| **OLABODE ODUNAIKE and TRUCKLEASE CORPORATION, Alias,** | ) | |
| **Defendants** | ) | |

**DEFENDANT ODUNAIKE'S MOTION TO DISMISS**
**FOR LACK OF JURISDICTION**

COMES NOW, the United States of America, on behalf of Defendant Olabode Odunaike, and moves to dismiss Plaintiffs' claims against the United States[1] for lack of subject mater jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Ly T. Nguyen
LY T. NGUYEN, Bar No. 66676
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000(ph)/401-709-5017 (fax)
Email: ly.nguyen@usdoj.gov

---

[1] Plaintiffs' claims are alleged against Defendant Odunaike. For the reasons stated in the Memorandum in Support of Defendant Odunaike's Motion to Substitute the United States of America for Olabode Odunaike as a Defendant filed simultaneously herewith, the United States of America is the only proper defendant in this case.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROBERT BRYANT, individually and as parent and next friend of KAYLA MARIE BRYANT,** | ) | |
| **Plaintiffs** | ) | |
| **vs.** | ) | **C.A. NO. 07-104ML** |
| **OLABODE ODUNAIKE and TRUCKLEASE CORPORATION, Alias,** | ) | |
| **Defendants** | ) | |

**<u>DEFENDANT ODUNAIKE'S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS FOR LACK OF JURISDICTION</u>**

## I. <u>Introduction</u>

Plaintiff Robert Bryant is seeking recovery for personal injuries allegedly sustained as a result of a motor vehicle accident involving United States Postal Service ("USPS") employee, Defendant Olabode Odunaike. Compl. ¶¶ 6-8. Plaintiff Kayla Marie Bryant is seeking damages for loss of society, companionship, and parental love as a result of the injuries sustained by her father, Plaintiff Robert Bryant. Compl. ¶ 11. Both plaintiffs, however, failed to properly present their claims in a sum certain, as required by 28 C.F.R. § 14.2. As the timely filing of a sum-certain claim is a jurisdictional prerequisite, Plaintiffs' claims against the United States should be dismissed for lack of subject matter jurisdiction.

## II. <u>Facts</u>

Plaintiffs Robert Bryant and Kayla Bryant filed a civil action against the above-named defendants on or about February 7, 2006, in the State of Rhode Island and Providence Plantations, Superior Court. Compl.; Ex. 1 at ¶ 11. On March 21, 2007, this action was removed

to this Court pursuant to 28 U.S.C. § 2679(d)(2). On April 4, 2007, Defendant Trucklease filed an Answer in which it asserted a crossclaim against the United States for indemnification.[2] Trucklease Answer at 3.

Plaintiff Robert Bryant is seeking recovery for personal injuries allegedly sustained as a result of a motor vehicle accident that occurred on February 11, 2004, in Providence, Rhode Island. Compl. ¶¶ 6-8. Plaintiff Kayla Marie Bryant is seeking damages for loss of society, companionship, and parental love as a result of the injuries sustained by her father, Plaintiff Robert Bryant. Compl. ¶ 11. At the time of the accident, Defendant Odunaike was driving a vehicle that was leased to the USPS by Defendant Trucklease Corporation. Trucklease Answer at 3, ¶ 1. Defendant Odunaike was acting within the scope of his employment at the time of the incident out of which the claim arose. See Certification filed March 21, 2007. Defendant Trucklease Corporation is also known as AMI Leasing. Ex. 1 at ¶ 3, Attach. E.

Under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq., an administrative claim must be presented prior to the filing of a civil tort action against the United States. 28 U.S.C. § 2675(a). On June 15, 2004, the USPS received a letter of representation for Mr. Bryant from Attorney Priscilla DiMaio. Ex.. 1 at ¶ 4, Attach. A. Ms. DiMaio stated in the letter that her client, Mr. Bryant, suffered personal injuries as a result of the accident on February

---

[2] The contract with Trucklease provides in pertinent part:

> Third parties. The Postal Service will be liable for loss, destruction, or damage to property of or injury to third parties resulting from its use or operation of any vehicles furnished under this contract, to the extent provided in the Federal Tort Claims Act, 28 U.S.C. 2671-2680.

Ex. 1, Attach. J at 11 (emphasis added). Pursuant to this provision of the contract, Trucklease's crossclaim fails if Plaintiff fails to meet the jurisdictional requirement of the FTCA.

11, 2004. Ex. 1, Attach. A. The letter did not specify any amount in damages. See Ex. 1, Attach. A. On June 18, 2004, the USPS sent Plaintiff's attorney a Standard Form ("SF") 95 – Claim for Damage, Injury, Or Death and a letter with instructions for completing the form. Ex. 1 at ¶ 5, Attachs. B-C. The June 18, 2004 letter specifically instructed that, "[a] claim must be for a specified amount. That amount must be shown in the appropriate space(s); **A claim is not valid without a total claim amount stated in 12d**." Ex. 1, Attach. B at 2.

On July 2, 2004, the USPS received a tort claim, SF 95, from Plaintiff Robert Bryant. Ex. 1 at ¶ 6, Attach. D at 1. The SF 95 did not include a sum certain for personal injury. See Ex. 1 at ¶ 6, Attach. D at 1. In box 12b of the form, which asked for the amount of the claim relating to personal injury, Plaintiff wrote "N/A." Ex. 1 at ¶ 6, Attach. D at 1. In box 12d, which asked for the total amount of the claim and warned that, "[f]ailure to specify may cause forfeiture of your rights," Plaintiff wrote, "N/A." Ex. 1 at ¶ 6, Attach. D at 1. The instructions on the back of the SF 95 emphasized that, "[f]ailure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights." Ex. 1, Attach. D at 2.

On May 18, 2006, the USPS received a tender letter from William Napoleone of Ford Motor Credit Company, the company that is responsible for managing claims settlement for AMI Leasing/Trucklease. Ex. 1 at ¶ 7, Attachs. E-F. Attached to the letter from Mr. Napoleone was a letter of representation for Bryant from Attorney James Howe directed to Trucklease. Ex. 1 at ¶ 7, Attachs. E-F. In response to the letter, on May 18, 2006, the USPS Tort Claims Office representative, Eileen Lewis, mailed Attorney Howe a letter which included a SF 95. Ex. 1, at ¶ 8, Attachs. G-H. The letter to Attorney Howe provided instructions on filling out the SF 95 and indicated that if there were any questions regarding the claim, to contact the Tort

Claims office. Ex. 1 at ¶ 8, Attach. G. Neither Mr. Howe nor Plaintiff Robert Bryant contacted the USPS regarding this letter. Ex. 1 at ¶ 10.

With regard to minor Kayla Marie Bryant, the USPS has never received an SF 95 filed on her behalf. Ex. 1 at ¶ 12.

## III. Argument

### A. Law Governing Motion to Dismiss for Lack of Subject Matter Jurisdiction

"The district courts of the United States are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" In re Olympic Mills Corp., 477 F.3d 1, 6 (1st Cir. 2007). Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to seek dismissal of an action based on lack of subject matter jurisdiction. If jurisdiction is challenged, the party invoking jurisdiction has the burden of establishing it. Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995). When ruling on a motion to dismiss under Rule 12(b)(1), the court is required to construe the allegations in the complaint liberally in favor of the plaintiff. Aversa v. United States, 99 F.3d 1200, 1209-10 (1st Cir. 1996).

Matters outside the pleadings can be presented to and considered by the court in ruling upon a motion to dismiss for lack of subject matter jurisdiction. See Gonzales v. United States, 284 F.3d 281, 288 (1st Cir. 2002); Dynamic Image Techns., Inc. v. United States, 221 F.3d 34, 37 (1st Cir. 2000); Miller v. George Arpin & Sons, Inc., 949 F. Supp. 961, 966 n. 8 (D.R.I. 1997) ("A court may consider affidavits, deposition testimony, and other extra-pleading material to determine whether subject matter jurisdiction exists."). "District courts have wide discretion to determine which procedures to employ in resolving the jurisdictional issue." Bank One, Texas,

N.A. v. Montle, 964 F.2d 48, 51 (1st Cir. 1992).[3]

The United States, as sovereign, may not be sued without its consent. Murphy, 45 F.3d at 522. The FTCA is a limited waiver of sovereign immunity. Corte-Real v. United States, 949 F.2d 484, 485(1st Cir. 1991). Under the FTCA, a tort claim against the United States is barred unless it is "properly presented" to the agency within two years of accrual. Coska v. United States, 114 F.3d 319, 322 (1st Cir. 1997); see also 28 U.S.C. § 2401(b) ("A tort claim shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues...."); 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency . . . .").

A claim for monetary damages in a sum certain is required for a claim to be properly presented. Id. Title 28, Code of Federal Regulations, Section 14.2(a) specifically provides:

> For the purposes of the provisions of 28 U.S.C. 2401(b), 2672, 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident. . . .

The First Circuit has consistently held that a timely filed sum-certain claim is a

---

[3] Even if this were a motion to dismiss for failure to state claim, the documents attached hereto could be considered by the Court without converting the instant motion to a motion for summary judgment. "[D]ocuments the authenticity of which are not disputed by the parties; . . . official records; . . . documents central to plaintiffs' claim; or . . . documents sufficiently referred to in the complaint," are not matters outside of the pleadings such as to require conversion of a motion into a summary judgment motion. Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993) (emphasis added)).

jurisdictional prerequisite for a tort claim against the United States. See id.; Kokaras v. United States, 980 F.2d 20, 22 (1st Cir. 1992); Corte-Real, 949 F.2d at 485-86 (court agrees fully with United States "as to the importance and absolute necessity of adherence to the sum certain requirement"). Numerous other federal circuit courts have also held that a timely filed sum-certain claim is a jurisdictional prerequisite. Kokotis v. USPS, 223 F.3d 275, 278-9 (4th Cir. 2000); Cizek v. United States, 953 F.2d 1232, 1234 (10th Cir. 1992); Adkins v. United States, 896 F.2d 1324, 1325 (11th Cir. 1990); Montoya v. United States, 841 F.2d 102, 105 (5th Cir. 1988); GAF Corp v. United States, 818 F.2d 901, 919 (D.C. Cir. 1987); Caton v. United States, 495 F.2d 635, 638 (9th Cir. 1974); Bialowas v. United States, 443 F.2d 1047, 1049 (3rd Cir. 1971).

"The purpose of the sum certain requirement goes beyond mere administrative convenience; it is to apprise the government of its possible liability and to provide the government with notice 'sufficient to allow it to investigate the alleged negligent episode to determine if settlement would be in the best interests of all." Coska, 114 F.3d at 322.

**B. Failure of Plaintiffs to Properly Present Their Claims**

**1. Plaintiff Robert Bryant failed to file a claim for monetary damages in a sum certain as required by 28 C.F.R. § 14.2.**

Plaintiff Robert Bryant never filed a claim for monetary damages in a sum certain as required by 28 C.F.R. § 14.2. Although Plaintiff Robert Bryant submitted an SF 95, he claimed "N/A" in box 12b marked for the personal injury claim amount. Ex. 1, Attach. D at 1. In addition, in box 12d of the SF 95, which asked for the total amount of the claim, plaintiff wrote, "N/A." Ex. 1, Attach. D at 1. On the SF 95, he further certified the following:

> I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

Ex. 1, Attach. D at 1.

Plaintiff and his attorneys were well advised of the importance of submitting a specific amount for Plaintiff's claim. See Ex. 1, Attachs. B, D. In fact, the June 18, 2004 letter, sent to Attorney DiMaio, specifically instructed that, "[a] claim must be for a specified amount. That amount must be shown in the appropriate space(s); A claim is not valid without a total claim amount stated in 12d." Ex. 1, Attach. B at 2. Moreover, the May 18, 2006 letter sent to Attorney Howe also stated that, "[a] claim must be for a specific amount." Ex. 1, Attach. G at 2. Box 12d of the SF 95 form, which Plaintiff signed, further warned that, "[f]ailure to specify may cause forfeiture of your rights." Ex. 1, Attach. D at 1. The SF 95 form also informed Plaintiff to "read carefully the instructions on the reverse side." Ex. 1, Attach. D at 1. The instructions on the reverse side of the SF 95 emphasized that, "Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights." Ex. 1, Attach. D at 2. Nevertheless, Plaintiff affirmatively wrote the words, "N/A," in response to the amount of his personal injury claim. Ex. 1, Attach. D at 1. Consequently, Plaintiff has failed to meet the sum certain jurisdictional requirement.

This case is similar to Kokaras v. United States, 980 F.2d 20 (1st Cir. 1992). In Kokaras, the plaintiff did not write a sum certain in the box entitled, "Personal Injury." Id. at 21. Rather, the plaintiff wrote, "to be determined." Id. Subsequent to the filing of the SF 95 in Kokaras, the plaintiff's attorney submitted medical bills incurred by the plaintiff. Id. at 22. The First Circuit ultimately held in Kokaras that it did not have jurisdiction to entertain plaintiff's personal injury

claim. Id. at 23. In its decision, the First Circuit agreed that medical bills submitted by plaintiff's attorney during settlement discussions did not satisfy the sum certain requirement. Id. at 22. As for the medical bills submitted to the court more than two years after the incident occurred, the First Circuit stated that these documents were submitted "well beyond the two-year limit for filing administrative claims." Id. at 22. As in Kokaras, Plaintiff failed to submit a sum certain in his SF 95 for his personal injury claim that was received on July 2, 2004. Thus, as in Kokaras, Plaintiff's personal injury claim should be dismissed for lack of jurisdiction.

Moreover, any argument that Attorney DiMaio's letter fulfills the sum certain jurisdictional requirement is without merit. See Coska, 114 F.3d at 323 (finding letter stating that plaintiff received personal injuries does not meet sum certain requirement). Attorney DiMaio's letter dated June 11, 2004, did not state any specific amount of damages that Plaintiff Robert Bryant was seeking. See Ex. 1, Attach. A. Rather, the letter stated in general terms that Mr. Bryant suffered personal injuries. See Ex. 1, Attach. A. Thus, neither the SF 95 form submitted by Plaintiff Robert Bryant, nor the letter submitted by his attorney, meets the sum certain jurisdictional requirement. Accordingly, Plaintiff Robert Bryant's claims against the United States should be dismissed for lack of subject matter jurisdiction.

**2. Plaintiff Kayla Marie Bryant never filed any claim, let alone a claim for monetary damages in a sum certain as required by 28 C.F.R. § 14.2.**

Each and every plaintiff is required to present an administrative claim before filing suit. 28 U.S.C. § 2675(a). In this case, the USPS has never received a SF 95 claim filed on Plaintiff Kayla Marie Bryant's behalf. Ex. 1 at ¶ 12. Therefore, Plaintiff Kayla Marie Bryant's claims against the United States should be dismissed for lack of subject matter jurisdiction.

## IV. Conclusion

For the reasons stated above, Defendant Odunaike respectfully requests that Plaintiffs' claims against the United States be dismissed for lack of subject matter jurisdiction

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Ly T. Nguyen
LY T. NGUYEN, Bar No. 66676
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000(ph)/401-709-5017 (fax)
Email: ly.nguyen@usdoj.gov

**CERTIFICATION OF SERVICE**

I hereby certify that on this 22nd day of May, 2007, I caused to be electronically filed the Defendant Odunaike's Motion to Dismiss for Lack of Jurisdiction and Memorandum in Support of Defendant Odunaike's Motion to Dismiss for Lack of Jurisdiction with the attached exhibits, with the Clerk of the United States District Court for the District of Rhode Island, using the CM/ECF system. The following participant(s), as identified on the Notice of Electronic Filing, have received notice electronically:

James P. Howe
215 Broadway
Providence, RI 02903

Michael D. Urban
Law Offices of Jacqueline L. Allen
One Liberty Square, 12th Floor
Boston, MA 02109

/s/ Ly T. Nguyen
LY T. NGUYEN, Bar No. 66676
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)
Email: ly.nguyen@usdoj.gov