**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROBERT BRYANT, individually and as parent and next friend of KAYLA MARIE BRYANT,** | ) | |
| **Plaintiffs** | ) | |
| **v.** | ) | **C.A. NO. 07-104ML** |
| **UNITED STATES OF AMERICA and TRUCKLEASE CORPORATION, Alias,** | ) | |
| **Defendants** | ) | |

**DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS TRUCKLEASE'S CROSSCLAIM**

COMES NOW, the United States of America, and moves to dismiss Defendant Trucklease Corporation's crossclaim against the United States pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Ly T. Nguyen
LY T. NGUYEN, Bar No. 66676
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000(ph)/401-709-5017 (fax)
Email: ly.nguyen@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROBERT BRYANT, individually and as parent and next friend of KAYLA MARIE BRYANT,** | ) | |
| **Plaintiffs** | ) | |
| **v.** | ) | **C.A. NO. 07-104ML** |
| **UNITED STATES OF AMERICA and TRUCKLEASE CORPORATION, Alias,** | ) | |
| **Defendants** | ) | |

**DEFENDANT UNITED STATES OF AMERICA'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS TRUCKLEASE'S CROSSCLAIM**

## I. Introduction

Defendant Trucklease has asserted a contractual crossclaim against the United States for indemnification. Trucklease Answer at 3. Because the Contract Disputes Act of 1978, 41 U.S.C. § 601, et seq., maintains exclusive jurisdiction over Trucklease's contract claim, the United States moves to dismiss Trucklease's crossclaim for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. In the alternative, the United States moves to dismiss Trucklease's crossclaim for failure to state a claim upon which relief can be granted. As nothing in the lease between the United States Postal Service ("USPS") and Trucklease requires the USPS to indemnify Trucklease, Trucklease has failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. Facts

Plaintiffs Robert Bryant and Kayla Bryant filed a civil action against Olabode Odunaike

and Trucklease Corporation on or about February 7, 2006, in the State of Rhode Island and Providence Plantations, Superior Court. Compl.; Odunaike's Mot. to Dismiss at Ex. 1 at ¶ 11. On March 21, 2007, this action was removed to this Court pursuant to 28 U.S.C. § 2679(d)(2). On April 4, 2007, Defendant Trucklease filed an Answer in which it asserted a crossclaim against the United States for indemnification. Trucklease Answer at 3. On May 22, 2007, Olabode Odunaike filed both a motion to substitute the United States as the proper defendant for Olabode Odunaike and a motion to dismiss for lack of jurisdiction. On May 23, 2007, the United States of America was substituted as the proper defendant for Olabode Odunaike.

Plaintiff Robert Bryant is seeking recovery for personal injuries allegedly sustained as a result of a motor vehicle accident that occurred on February 11, 2004, in Providence, Rhode Island. Compl. ¶¶ 6-8. Plaintiff Kayla Marie Bryant is seeking damages for loss of society, companionship, and parental love as a result of the injuries sustained by her father, Plaintiff Robert Bryant. Compl. ¶ 11. At the time of the accident, Defendant Odunaike was driving a vehicle that was leased to the USPS by Defendant Trucklease Corporation. Trucklease Answer at 3, ¶ 1. Defendant Odunaike was acting within the scope of his employment at the time of the incident out of which the claim arose. See Certification filed March 21, 2007. Defendant Trucklease Corporation is also known as AMI Leasing. Odunaike's Mot. to Dismiss at Ex. 1 at ¶ 3, Attach. E.

Provision 2.1(d) of the contract with Trucklease[1] provides in pertinent part:

> Disputes. This contract is subject to the Contract Disputes Act of 1978, as amended (41 U.S.C. 601-613). Failure of the parties to this contract to reach agreement on any request for equitable adjustment, claim, appeal or action arising under or relating to this contract shall be a dispute to be resolved in accordance with the clause at PM B-9 Claims and Disputes, which is incorporated herein by reference.

Ex. 1 at 8.

Clause B-9 states that the contract is subject to the Contract Disputes Act of 1978. Ex. 2 at 1. Moreover, Clause B-9 explicitly provides that, "[e]xcept as provided in the Act, all disputes arising under or relating to this contract must be resolved under this clause." Ex. 2 at 1. Clause B-9 further provides that, "[a] claim by the supplier must be made in writing and submitted to the contracting officer for a written decision." Ex. 2 at 1.

With regard to liability to third parties, the contract provides:

> Third parties. The Postal Service will be liable for loss, destruction, or damage to property of or injury to third parties resulting from its use or operation of any vehicles furnished under this contract, <u>to the extent provided in the Federal Tort Claims Act</u>, 28 U.S.C. 2671-2680.

Ex. 1 at 11 (emphasis added).

## III. <u>Argument</u>

### A. Lack of Subject Matter Jurisdiction

#### 1. Standard for 12(b)(1) Motion to Dismiss Based on Lack of Subject Matter Jurisdiction

"The district courts of the United States are 'courts of limited jurisdiction. They possess

---

[1] The contract with Trucklease was a two year contract that was awarded on June 1, 2001. Ex. 1 at 2. The contract was modified on May 20, 2003 and July 15, 2004. Ex. 1 at 26-27. The modifications stated that, "[e]xcept as provided herein, all terms and conditions of the document referenced in Block 1 [original contract] . . . remain unchanged and in full force and effect." Ex. 1 at 26-27. Accordingly, Provision 2.1(d) was in full force and effect at the time the claim arose.

only that power authorized by Constitution and statute.'" In re Olympic Mills Corp., 477 F.3d 1, 6 (1st Cir. 2007). Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to seek dismissal of an action based on lack of subject matter jurisdiction. If jurisdiction is challenged, the party invoking jurisdiction has the burden of establishing it. Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995). When ruling on a motion to dismiss under Rule 12(b)(1), the court is required to construe the allegations in the complaint liberally in favor of the plaintiff. Aversa v. United States, 99 F.3d 1200, 1209-10 (1st Cir. 1996).

Matters outside the pleadings can be presented to and considered by the court in ruling upon a motion to dismiss for lack of subject matter jurisdiction. See Gonzales v. United States, 284 F.3d 281, 288 (1st Cir. 2002); Dynamic Image Techns., Inc. v. United States, 221 F.3d 34, 37 (1st Cir. 2000); Miller v. George Arpin & Sons, Inc., 949 F. Supp. 961, 966 n. 8 (D.R.I. 1997) ("A court may consider affidavits, deposition testimony, and other extra-pleading material to determine whether subject matter jurisdiction exists."). "District courts have wide discretion to determine which procedures to employ in resolving the jurisdictional issue." Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 51 (1st Cir. 1992).

**2. The Court Lacks Subject Matter Jurisdiction Over Defendant Trucklease's Crossclaim for Indemnification Pursuant to the CDA**

The Court lacks subject matter jurisdiction to hear Defendant Trucklease's crossclaim for indemnification pursuant to theContract Disputes Act of 1978 ("CDA"), 41 U.S.C. §§ 601-613. The United States, as sovereign, may not be sued without its consent. Murphy, 45 F.3d at 522. The CDA, enacted after the Postal Reorganization Act of 1970 ("PRA"), 39 U.S.C. §§ 101-5605, provides the exclusive method for resolution of any dispute relating to a government contract and

district courts possess no jurisdiction in these cases. See 28 U.S.C. § 1346(a)(2) ("[T]he district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act of 1978"); 28 U.S.C. § 1491(a)(2) ("The Court of Federal Claims shall have jurisdiction to render judgment upon any claim by or against, or dispute with, a contractor arising under section 10(a)(1) of the Contract Disputes Act of 1978.").

Notably, the CDA applies to "any express or implied contract . . . entered into by an executive agency for . . . the procurement of property, other than real property in being." 41 U.S.C. § 602(a)(1). The CDA specifically provides that the USPS is an executive agency within the scope of the statute. 41 U.S.C. § 601(2). In addition, the CDA has been interpreted to apply to Postal Service leases. Spodek v. United States Postal Serv., 35 F.Supp.2d 160, 164 (D. Mass. 1990) (citing Jackson v. United States Postal Serv., 799 F.2d 1018 (5th Cir. 1986); Forman v. United States, 767 F.2d 875 (Fed. Cir. 1985)). The CDA provides that "[a]ll claims by a contractor against the government relating to a contract shall be in writing and shall be submitted to the contracting officer for a decision." 41 U.S.C. § 605(a).[2] The decision rendered by the contracting officer is then reviewable only by an agency board of contracting appeals, 41 U.S.C. § 606, or by the Court of Federal Claims, 41 U.S.C. § 609(a)(1).

In this case, the CDA applies because the lease between the USPS and Trucklease is clearly a contract by an executive agency, the USPS, for the procurement of property. See Ex. 1.

[2] Clause B-9 of the contract between USPS and Trucklease is consistent with the CDA. See Ex. 2 at 1. Clause B-9 states "[a] claim by the supplier must be made in writing and submitted to the contracting officer for a written decision." Ex. 2 at 1.

In addition, the contract with Trucklease states, "[t]his contract is subject to the Contract Disputes Act of 1978 . . . ." Ex. 1 at 8. Clause B-9 of the contract further states, "[e]xcept as provided in the Act, all disputes arising under or relating to this contract must be resolved under this clause." Ex. 2 at 1. Accordingly, based on the allegations in Trucklease's crossclaim, this Court has no jurisdiction, and Defendant's motion to dismiss should be granted.

In opposition to this motion, Trucklease may argue that jurisdiction is based on the Postal Service's sue-and-be-sued clause, PRA, 39 U.S.C. § 409(a). In pertinent part, the PRA provides that ". . . the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service. . . ." 39 U.S.C. § 409 (a). That section of the statute was enacted eighteen years before the CDA set forth a comprehensive approach to contract claims against the federal government. 1-10 Industry Assocs., Inc. v. United States Postal Serv., 133 F.Supp.2d 194, 196 (E.D.N.Y. 2001). Assuming Trucklease relies on the PRA, the argument should be rejected.

Simply put, regardless of an agency's sue-and-be-sued clause, "jurisdiction over a claim governed by the CDA . . . does not lie in the United States District Courts." 1-10 Industry Assocs., 133 F.Supp.2d at 195. The Fourth, Fifth, Sixth, and D.C. Circuits, as well as other district courts in the First Circuit, have held that the CDA vests exclusive jurisdiction in the Court of Federal Claims. See United States v. J & E Salvage Co., 55 F.3d 985, 987 (4th Cir. 1995) ("The review procedures under the CDA are exclusive of jurisdiction in any other forum); Hayes v. United States Postal Serv., 859 F.2d 354, 356 (5th Cir. 1988) (holding that contract claim is subject to CDA and that claim must be pursued only in the U.S. Court of Federal Claims); Campanella v. Commerce Exchange Bank, 137 F.3d 885, 891 (6th Cir. 1998) (holding

that CDA divests the district court of jurisdiction presumably granted by a "sue-and-be-sued" clause applicable to the Small Business Administration); A & S Council Oil Co., Inc. v. Lader, 56 F.3d 234 (D.C. Cir. 1995)("sued and be sued" clause of Small Business Act does not trump exclusivity provisions of CDA); Twin Cities Air Force Serv., Inc. v. United States Postal Serv., 195 F.2d 242 (D. Maine 2002) (holding that CDA vested exclusive jurisdiction in the United States Court of Federal Claims and supplanted pre-existing provision of the PRA); Spodek v. United States Postal Serv., 35 F.Supp.2d 160, 164 (D. Mass. 1990) ("Upon examination, the opinions concluding that the CDA is exclusive are more persuasive").

Thus, the "great weight of authority" holds that, regardless of an agency's sue-and-be-sued clause, the CDA "vests exclusive jurisdiction with either the Agency Board of Contract Appeals or the United States Court of Federal Claims over claims regarding procurement contracts entered into by an executive agency, such as the USPS." Fortna v. United States Postal Serv.[3], 2000 WL 33119416, at *1 (E.D.Pa. Dec. 29, 2000) (citing Campanella v. Commerce Exch Bank, 137 F.3d 885, 890-91 (6th Cir. 1998); A & S Council Oil Co., Inc. v. Lader, 56 F.3d 234, 241-42 (D.C.Cir.1995); United States v. J & E Salvage Co., 55 F.3d 985, 987 (4th Cir. 1995); Spodek v. United States, 26 F.Supp.2d 750, 754 (E.D.Pa. 1998); Eastern, Inc. v. Shelly's of Delaware, Inc., 721 F.Supp. 649, 651-52 (D.N.J. 1989)). In the Fourth Circuit, which is also included in this line of authority, the exclusivity of the Contract Disputes Act is so well established that it is virtually taken for granted, without even a passing reference to any contrary rule. J & E Salvage Co., 55 F.3d at 987.

Compelling reasons support this line of authority. First, the CDA's legislative history

---

[3] The decision in Fortna is attached as Government Exhibit 3.

confirms a "congressional intent to provide a single, uniquely qualified forum for the resolution of contractual disputes." A & S Council Oil Co., 56 F.3d at 241 (citing Ingersoll-Rand v. United States, 780 F.2d 74, 78 (D.C. Cir. 1985)). When the CDA was enacted, Congress intended that "U.S. district court jurisdiction is eliminated from government contract claims." Senate Report No. 95-1118, 95th Cong., 2d Sess., reprinted in 1978 U.S.C.C.A.N. 5235, 5243, 5244 ("The committees believe that there is no need to have two court jurisdictions, the Court of Claims and the U.S. district courts, in which to appeal agency board decisions. The Court of Claims can provide for the needs of all parties . . . .)

Second, the CDA "appears to be the paradigm of a 'precisely drawn, detailed statute' that preempts more general jurisdictional provisions," such as an agency's sue-and-be-sued clause. A & S Council Oil Co., 56 F.3d at 241 (quoting Brown v. GSA, 425 U.S. 820, 834 (1976)).

Third, the CDA expressly applies to the USPS even though Congress specifically exempted another federal entity – the Tennessee Valley Authority – which has its own sue-and-be-sued clause. "Although a sue-and-be-sued clause governs the Tennessee Valley Authority, see 16 U.S.C. § 831c(b) (1988), Congress expressly exempted a limited class of TVA [Tennessee Valley Authority] contracts from the CDA, see 41 U.S.C. § 602(b). The exemption would have been wholly unnecessary unless Congress assumed that a sue-and-be-sued clause would not trump the CDA's exclusivity provisions." A & S Council Oil Company, 56 F.3d at 242.

Despite the sweeping language and legislative history of the CDA, there is a minority view that federal agency sue-and-be-sued clauses vest district courts with concurrent jurisdiction to decide federal government contract disputes. One such case is Licata v. United States Postal Service, 33 F.3d 259, 264 n.6 (3d Cir. 1994). However, on this issue, Licata is considered dicta

and is not even followed within the Third Circuit. See Spodek v. United States, 26 F.Supp.2d 750, 754 (E.D.Pa. 1998). Spodek's holding could not be more clear: "the CDA vests exclusive jurisdiction with either the Agency Board of Contract Appeals or the United States Court of Federal Claims over claims regarding procurement contracts entered into by an executive agency, such as the USPS." Id. Recognizing its disagreement with Licata, the court in Spodek notes that "[t]he Third Circuit expressly reserved deciding this issue." Spodek, 26 F.Supp.2d at 754.

The minority view is also expressed in Wright v. United States Postal Service, 29 F.3d 1426, 1428 (9th Cir. 1994). However, courts are "not inclined to follow the reasoning of the Ninth Circuit" on this issue. See 1-10 Industry Associates, 133 F.Supp.2d at 197; See Also A&S Council Oil Co., 56 F.3d at 241; Campanella, 137 F.3d at 890-91. Indeed, even the Ninth Circuit has backtracked somewhat from Wright, characterizing it as an "equitable lien" case that is distinguishable from claims for monetary damages, like the instant case. See e.g., Blue Fox, Inc. v. Small Business Administration, 121 F.3d 1357, 1362 (9th Cir. 1997), rev'd on other grounds, 525 U.S. 255 (1999) (subcontractor barred by sovereign immunity from enforcing equitable lien against government).

Accordingly, to the extent the Court reaches this issue, which is a matter of first impression in this Circuit, it should adopt the majority view and dismiss this case for lack of subject matter jurisdiction.

**B. Failure to State a Claim**

**1. Standard for 12(b)(6) Motion to Dismiss Based on Failure to State a Claim**

In assessing the legal sufficiency of Trucklease's allegations pursuant to Rule 12(b)(6),

the court is limited to review of the pleadings. Fleming v. Lind-Waldock & Co., 922 F.2d 20, 23 (1st Cir. 1990). "The accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all well-pleaded factual allegations, draw all reasonable inferences in the claimant's favor, and determine whether the Complaint sets forth sufficient facts to support the challenged claims, Clorox Co. v. Proctor & Gamble Commercial Co., 228 F.3d 24, 30 (1st Cir. 2000); LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir.1998). The court, however, need not credit conclusory allegations or indulge unreasonably attenuated inferences. Aybar v. Crispin-Reyes, 118 F.3d 10, 13 (1st Cir. 1997); Ticketmaster-NY, Inc. v. Alioto, 26 F.3d 201, 203 (1st Cir. 1994).

In deciding Defendant's motion to dismiss for failure to state claim, the Court may consider Defendant's exhibits submitted in conjunction with the motion without converting the instant motion to a motion for summary judgment. "[D]ocuments the authenticity of which are not disputed by the parties; . . . official records; . . . documents central to . . . [the] claim; or . . . documents sufficiently referred to in the complaint," are not matters outside of the pleadings such as to require conversion of a motion into a summary judgment motion. Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993) (emphasis added)). In moving to dismiss for lack of subject matter jurisdiction and for failure to state a claim, the United States has submitted a copy of the contract between the USPS and Trucklease. Exs. 1-2. This is precisely the type of document which the

court may consider without converting the instant motion to one for summary judgment. Indeed, Trucklease's crossclaim refers to the leasing contract. Trucklease Answer at 3.

### 2. Trucklease Has Failed to State a Claim Upon Which Relief Can Be Granted Because the United States is Not Required to Indemnify Trucklease Pursuant to the Contract.

Defendant Trucklease filed a crossclaim against the United States, stating that "the United States is required to indemnify and otherwise hold harmless Defendant Trucklease Corporation from any and all claims for injury to persons or damage to property and from any and all expenses incurred in the defense of such claims." Trucklease Answer filed April 4, 2007. However, pursuant to the USPS's contract with Trucklease, the United States is not required to indemnify Defendant Trucklease Corporation. See Ex. 1.

Section 2.2(b), Liability Requirements - Commercial Vehicle Lease (Clause OB-469) (January 1991) of the contract, provides in relevant part:

> (3) Third parties. The Postal Service will be liable for loss, destruction or damage to property of or injury to third parties resulting from the use or operation of any vehicle furnished under this contract, to the extent provided in the Federal Tort Claims Act, 28 U.S.C. 2671-2680.

Ex. 1 at 9. As stated in the previously filed motion to dismiss for lack of jurisdiction, the United States is not liable for any alleged personal injuries to Plaintiffs because Plaintiffs have not met the sum-certain jurisdictional requirement under the FTCA. Accordingly, Defendant Trucklease's crossclaim against the United States should be dismissed for failure to state a claim upon which relief can be granted.

## IV. Conclusion

For the reasons stated above, Defendant United States of America respectfully requests

the Court grant this motion and dismiss Defendant Trucklease's crossclaim.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Ly T. Nguyen
LY T. NGUYEN, Bar No. 66676
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000(ph)/401-709-5017 (fax)
Email: ly.nguyen@usdoj.gov

**CERTIFICATION OF SERVICE**

I hereby certify that on this 4th day of June, 2007, I caused to be electronically filed the within Motion to Dismiss Trucklease's Crossclaim and Memorandum in Support of Motion to Dismiss Trucklease's Crossclaim, with the Clerk of the United States District Court for the District of Rhode Island, using the CM/ECF system. The following participant(s), as identified on the Notice of Electronic Filing, have received notice electronically:

James P. Howe
215 Broadway
Providence, RI 02903

Michael D. Urban
Law Offices of Jacqueline L. Allen
One Liberty Square, 12th Floor
Boston, MA 02109

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)
Email: ly.nguyen@usdoj.gov