C
Fortna, Inc. v. U.S. Postal Service
E.D.Pa.,2000.
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.
FORTNA, INC.
v.
UNITED STATES POSTAL SERVICE
andSIEMENS ELECTROCOM, L.P.
**No. Civ.A. 00-3081.**

Dec. 29, 2000.

Kevin K. Carton, Jr., Klehr, Harrison, Harvey, Branzburg & Ellers LLP, Philadelphia, PA, for Fortna, Inc., Plaintiff.
James G. Sheehan, U.S. Attorney's Office, Phila, PA, Barbara Rowland, United States Attorney's Office, Phila, PA, for the United States Postal Service, Defendant.
Robert G. Fryling, Denis James Lawler, for Siemens Electrocom L.P. , Defendant.

*MEMO/ORDER*

WEINER, J.
***1** On September 30, 1996, defendant United States Postal Service ("USPS") entered into a contract with defendant Siemens Electrocom, L.P. ("Siemens") for the layout and installation of a new mail sortation and conveyance system in USPS's Nashville, Tennessee facility. The Siemens-USPS Contract specified that USPS would retain 20 percent of the contract amount until satisfactory conclusion and approval of the mail sortation system at the Nashville Facility. In connection with the installation of the mail sortation system, Siemens contracted with an electrical contractor, WestPac Electric, Inc. ("WestPac") to install portions of the mail sortation system. The Siemens-WestPac Contract specified that Siemens would retain 20 percent of the contact amount due to WestPac until satisfactory conclusion and approval of the installation of the mail sortation system. WestPac in turn subcontracted with plaintiff Fortna, Inc. ("Fortna") to do certain mechanical installation work at the Nashville Facility. Fortna claims it is owed $1,312,259.79 by WestPac for work Fortna performed at the Nashville Facility and that WestPac has refused to pay. Neither Siemens nor WestPac furnished a payment and performance bond pursuant to the Miller Act, 40 U.S.C. § 270(a), *et seq.* Nor did the USPS require either company to furnish such a bond. Fortna has filed this action for an equitable lien upon all retainage held by USPS (Count One) and Siemens (Count Two) in connection with the installation of the mail sortation system. Both the USPS and Siemens have filed motions to dismiss.

The motion of the defendant United States Postal Service to dismiss (DOC. # 7) is GRANTED.

In Count One of its complaint, plaintiff seeks an equitable lien against the USPS upon contract retainage held by the USPS in the amount of $1,312,259.79 plus attorney's fees. The Court follows the great weight of authority and finds that the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 601-613,[FN1] vests exclusive jurisdiction with either the Agency Board of Contract Appeals or the United States Court of Federal Claims over claims regarding procurement contracts entered into by an executive agency, such as the USPS.[FN2] *See* *Campanella v. Commerce Exchange Bank,* 137 F.3d 885, 890-91 (6th Cir.1998); *A & S Council Oil Co., Inc. v. Lader,* 56 F.3d 234, 241-42 (D.C.Cir.1995); *United States of America v. J & E Salvage Co.,* 55 F.3d 985, 987 (4th Cir.1995); *Spodek v. United States,* 26 F.Supp.2d 750, 755 (E.D.Pa.1998); *Eastern, Inc. v. Shelly's of Delaware, Inc.,* 721 F.Supp. 649, 651-52 (D.N.J.1989).[FN3] The CDA's preemption of district court jurisdiction extends to actions brought against the USPS by subcontractors such as plaintiff. *Carroll v. United States Postal Service,* 764 F.Supp. 143, 145 (E.D.Mo.1991); *Biebel Bros. v. United States Postal Service,* 772 F.Supp. 1117-18 (E.D.Mo.1991); *Eastern, supra.*[FN4]

FN1. Section 602(a) of the CDA provides:



GOVERNMENT EXHIBIT 3

Unless otherwise specifically provided herein, this chapter applies to any express or implied contract ... entered into by an executive agency for-
(1) the procurement of property, other than real property in being;
(2) the procurement of services;
(3) the procurement of construction, alteration, repair or maintenance of real property; or
(4) the disposal of personal property.
41 U.S.C. § 601(2). The CDA expressly states that the USPS is an executive agency covered under its terms. 41 U.S.C. § 601(2).

FN2. Indeed, the record reveals that plaintiff's Vice-President commenced proceedings against WestPac, Siemens and the USPS under the Contract Disputes Act, but apparently did not await a decision before filing this suit. *See.* plaintiff's reply brief at Exhibit C.

FN3. *But see, Wright v. United States Postal Service,* 29 F.3d 1426, 1428 (9th Cir.1994) (concluding that the CDA is not the exclusive basis for litigation of claims relating to government contracts, and that the CDA did not eliminate subject matter jurisdiction over subcontractors' actions to establish and foreclose equitable liens against the USPS); *Marine Coatings of Alabama, Inc. v. United States of America,* 932 F.2d 1370, 1377 (11th Cir.1991) (holding that while the Federal Tort Claims Act and the CDA both waive immunity, "there is no need to apply either if another method of bringing suit is available," and that "the CDA does not supersede admiralty provisions providing for another means of recovery").

FN4. The fact that neither the USPS nor Siemens complied with the Miller Act, 40 U.S.C. § 270 *et seq.* by posting a payment and performance bond does not change the result. *See, Carroll, supra; Biebel Brothers, supra.* We do note, however, that if the USPS and/or Siemens had complied with the Miller Act, the present case would not exist.

The motion of the defendant Siemens Electrocum, L.P. to dismiss (DOC. # 5) is GRANTED.

***2** In Count Two of its complaint, plaintiff seeks an equitable lien against Siemens on contract retainage held by Siemens. Since Siemens is a private corporation, it is not governed by the Contract Disputes Act. However, it is well-settled that equitable relief is not available when a plaintiff has an adequate remedy at law. *Barnes v. American Tobacco Co.,* 989 F.Supp. 661, 667 (E.D.Pa.1997); *Doe v. Provident Life and Accident Ins. Co.,* 936 F.Supp. 302, 305 (E.D.Pa.1996).

Here, plaintiff itself alleges that it filed for arbitration under Oregon law of its dispute with WestPac as required under the WestPac-Fortna Contract. Complaint at ¶ 22. That arbitration is scheduled to commence on March 3, 2001.

We find further that plaintiff's contention that WestPac may be unable to pay a possible judgment awarded at arbitration to be unavailing. Plaintiff alleges that it has a reasonable belief that WestPac will be unable to pay any judgment at the conclusion of the dispute resolution procedure due to "WestPac's numerous breaches of contract and its wrongful refusal to pay" plaintiff in this case. Complaint at ¶ 25. (In its response brief to Siemen's motion to dismiss, plaintiff also contends that WestPac's, President, Stephen M. Lilleberg, has declared personal bankruptcy as a result of other litigation.) Significantly, Fortna does not allege that WestPac is insolvent or likely to become insolvent in the future. Rather, Fortna's contentions at most allege that WestPac may be *unwilling* as opposed to *unable* to pay any judgment. Lilleberg has submitted a declaration in which he declares, *inter alia,* that WestPac is a "financially viable company with approximately $13.5 million in contract revenue in 1999, with projected revenue of $15 million plus in 2000." Lilleberg further declares that WestPac is "current on all of its financial obligations, has no outstanding bad debt, and has not defaulted on any of its contractual obligations." As of December 31, 1999, WestPac had total shareholder's equity in excess of $500,000. *See* Declaration of Stephen M. Lilleberg attached to Siemen's motion to

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

dismiss as Exhibit B.

In almost all cases refusing to dismiss an equitable lien action, the prime contractor was either insolvent or financially incapable of paying a judgment. *See, e.g., Wright,* 29 F.3d at 1428 (9th Cir.1994) (general contractor suffered financial difficulties and was unable to pay subcontractors as they completed work); *Active Fire Sprinkler Corp. v. United States Postal Service,* 811 F.2d 747, 750 (2d Cir.1987) (before paying subcontractors, prime contractor suffered financial problems and subcontractor claims exceeded amount of Miller Act bond); *Kennedy Electric Co., Inc. v. United States Postal Service,* 508 F.2d 954, 956 (10th Cir.1974) (prime contractors were bankrupt and insolvent). That is not the case here. However, if plaintiff can demonstrate before the arbitration that WestPac is indeed no longer a viable company, the Court may reconsider its position on Count Two.

***3** The motion of the defendant to transfer (DOC. # 5) is DENIED as moot.

The motion of the plaintiff for discovery (DOC. # 17) is DENIED as moot.

This action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

E.D.Pa.,2000.
Fortna, Inc. v. U.S. Postal Service
Not Reported in F.Supp.2d, 2000 WL 33119416 (E.D.Pa.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.