**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| Robert Bryant, Individually and as parent and next friend of Kayla Marie Bryant, Plaintiff, | ) | Civil Action No. 07-104ML |
| v. | ) | |
| Olabode Odunaike and Trucklease Corporation, Alias and Does 1 thru 5, Defendants. | ) | |

**DEFENDANT TRUCKLEASE CORPORATION'S MEMORANDUN IN SUPPORT OF ITS OPPOSITION TO THE DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS TRUCKLEASE'S CROSSCLAIM**

## FACTS AND PROCEDURAL BACKGROUND

This case arises from an automobile accident that took place on or around February 11, 2004. At that time, Olabode Odunaike, a worker for the United States Postal Service, was driving a truck that had been leased from Trucklease Corporation ("Trucklease"), to the United States Postal Service. As a result of the accident, the Plaintiff allegedly sustained personal injuries.

On February 7, 2006, the Plaintiff filed a civil action in the Rhode Island Superior Court against Odunaike and Trucklease Corporation. *See Complaint*. Pursuant to 28 U.S.C. 2679(d)(2), the action was removed to this Court. On May 22, 2007, Odunaike filed a motion to substitute the United States as the proper defendant and a motion to dismiss for lack of jurisdiction. Accordingly, the United States of America was substituted as the proper defendant for Odunaike on May 23, 2007. On April 4, 2007, Defendant Trucklease filed its Answer wherein it asserted a crossclaim for indemnification against the United States. *See Answer*.

## STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to seek dismissal of an action based on lack of subject matter jurisdiction over a claim. The court must dismiss a case for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." See Homes Builders Ass'n of Missippi, Inc., v. City of Madison, 143 F.3d 1006 (5th Cir. 1998). The burden of establishing subject mater jurisdiction is on the party seeking to invoke it. Ramming v. United States, 281 F.3d 158 (5th Cir. 2001). "District courts have wide discretion to determine which procedures to employ in resolving the jurisdictional issue." Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 51 (1st Cir. 1992).

Rule 12(b)(6) provides that a party may move to dismiss an action for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, a court must accept the plaintiff's allegations as true and draw all reasonable inferences in its favor. See United States v. Gaubert, 499 U.S. 315 (1991). Motions to dismiss for failure to state a claim are viewed with disfavor and rarely granted. Doss. v. South Cent. Bell Tel. Co., 834 F.2d 421 (5th Cir. 1987). "A court may dismiss a complaint only if it is clear that no relief should be granted under any set of facts that could be provided consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69 (1984). A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim. Leimer v. State Mutual life Assurance of Worcester, Mass., 108 F.2d 302 (1940)

## ARGUMENT

### I. THE CONTRACTS DISPUTES ACT, 41 U.S.C. §§ 601-613, DOES NOT MANDATE AN EXCLUSIVE BASIS FOR LITIGATION OF THIRD PARTY CLAIMS RELATING TO GOVERNMENT CONTRACTS WHEN THE DISTRICT COURT IS EXERCISING JURISDICTION OVER AN ORIGINAL CLAIM BASED ON THE SAME OPERATIVE FACTS AS A THIRD PARTY OR CROSSCLAIM

The interpretation of the exclusivity language found within the Contracts Disputes Act ("CDA"), 41 U.S.C. §§ 601-613, as it relates to claims arising out of government contracts, has created a split among courts that have addressed the issue. The CDA divests District Courts of jurisdiction over government contract disputes by prescribing an administrative procedure with appeals to the Court of Federal Claims ("claims court") and the Court of Appeals for the Federal Circuit. Id. The Fifth, Sixth and District of Columbia Circuits have concluded that the CDA is exclusive. See Hayes v. United States Postal Service, 859 F.2d 354 (5th Cir. 1988); Campanella v. Commerce Exchange Bank, 137 F.3d 885 (6th Cir. 1998); A &S Council Oil Co., Inc. v. Lader, 56 F.3d 234 (D.C. Cir. 1995). Alternatively, the Ninth, Eleventh and the Third (through its dicta) Circuits and the District for the Eastern District of Pennsylvania have held that the CDA is not an exclusive remedy to claims arising out of government contracts. See Licata v. United States Postal Serv., 33 F.3d 259, 262 (D.C. Cir. 1994); Wright v. United States Postal Service 29 F.3d 1426 (9th Cir. 1994); In re Liberty Construction, 9 F.3d. 800 (9th Cir. 1993); Marine Coatings of Alabama, Inc., v. United States, 932 F.2d 1370 (11th Cir. 1991); Pike v. United States Postal Serv., 886 F.Supp. 487 (E.D.Pa.1995). When faced with deciding whether or not the CDA exclusively applies to claims arising out of government contracts within various contexts, the courts have

taken several factors into consideration including the language of other federal statutes as they relate to the CDA.

When deciding upon the CDA's exclusivity, the courts take into consideration the collision between the CDA and other statues applicable to claims by or against the United States Postal Service. For example, the Postal Reorganization Act ("PRA") 39 U.S.C. § 401(1), states that the Postal Service may "sue and be sued in its official name," thus creating a broad waiver of the sovereign immunity that the Postal Service could otherwise claim. See Licata v. United States Postal Serv., 33 F.3d 259, 262 (D.C. Cir. 1994). Furthermore, the PRA also grants jurisdiction to the District Courts wherein it states that: "the United States district courts shall have original jurisdiction but not exclusive jurisdiction over all actions brought by or against the Postal Service." 39 U.S.C. § 409(a). Thus, District Courts may exercise jurisdiction over any type of claim for relief asserted by or against the Postal Service. Id. In addition, 28 U.S.C. § 1500 precludes the United States Court of Federal Claims' exercise of jurisdiction when the District Court is exercising jurisdiction over a claim based on the same operative facts. Id. Likewise, F.R.Civ.P. Rule 13(g) provides that one party may assert against another party any claim arising out of the transaction or occurrence that is the subject matter of the original action and that such cross-claim may allege that the party against whom it is asserted may be liable to the cross-claimant in whole or in part with regard to the original action. "If . . . a crossclaim under Rule 13 . . . arises out of the subject matter of the original action and involves the same persons and issues, the claim is ancillary to the original action. In such cases, if the court has jurisdiction to entertain the original action, no independent basis of jurisdiction for the crossclaim . . . need be alleged or

proved." See Glens Falls Indemnity Co., v. U.S. ex rel. Westinghouse Elec. Supply Co., 229 F.2d 370, 374 (9th Cir. 1955).

In the present matter, the original claim brought by the plaintiff is based in tort, and the crossclaim for indemnification is related to the original claim such that it is based on the same operative facts and arises out of the same occurrence that is the subject matter of the plaintiff's claim. Therefore, although an argument may be made that Trucklease's claim belongs in the claims court because it arises out of a government contract, a stronger argument may be made that such claim would be in limbo in the claims court pending this Court's resolution of the tort claim, thus going against the mandate of 28 U.S.C. § 1500, in exercising jurisdiction in the claim's court when the District Court is exercising jurisdiction over a claim based on the same operative facts. For example, in Rochon v. Gonzalez, 438 F.3d 1211, 1215 (D.C. Cir. 2006), the plaintiff asserted a statutory claim premised on Title VII of the Civil Rights Act that was within the Court's jurisdiction, and a claim based on a contract that might have been within the exclusive jurisdiction of the claims court. Id. The Court of Appeals indicated that, on remand, the District Court could exercise ancillary jurisdiction over the contract claim incident to its resolution of the statutory claim. Id. Trucklease moves that this Court also exercise the jurisdiction it unquestionably has over the plaintiff's tort claim and exercise ancillary jurisdiction over its cross-claim that otherwise might be transferred to the claims court. Id. This resolution benefits the interest of judicial economy as it permits one court only to resolve all of the claims that arise out of what is so obviously a common nucleus of operative facts. This line of reasoning has been followed by several federal courts and circuit courts of appeals when faced with similar

issues concerning the CDA. See Licata v. United States Postal Serv., 33 F.3d 259, 262 (D.C. Cir. 1994); Wright v. United States Postal Service 29 F.3d 1426 (9th Cir. 1994); In re Liberty Construction, 9 F.3d. 800 (9th Cir. 1993); Marine Coatings of Alabama, Inc., v. United States, 932 F.2d 1370 (11th Cir. 1991); Pike v. United States Postal Serv., 886 F.Supp. 487 (E.D.Pa.1995). In Wright v. U.S. Postal Service, 29 F.3d 1426 (1994), the Ninth Circuit held that the premise followed by other circuits, that the CDA is the exclusive basis for the litigation of claims relating to government contracts, is legally incorrect based on the Ninth Circuit's analysis of the CDA's collision with other statutes. Id. The Wright court recognized that the PRA's waiver of immunity should be liberally construed as it is applied to cases involving the CDA and that the courts should not presume that the CDA preempts the entire field of government contract remedies. Id.

More specifically, with regard to third party claims, in General Marine Construction Corp. v. United States v. Philips Cartner & Co., Inc., 738 F.Supp. 586 (1990), the district court of Massachusetts held that the United States' third party claim would be treated as arising out of the plaintiff's original claim on which the United States was defendant, rather than imposing CDA procedures on the third party claim. The court recognized that the original plaintiff's claim, alleging damage to its boats and business, was not bound by the CDA. In General Marine, the original defendant, United States, which is bound by the CDA, joined another party subject to the CDA (a private contractor as a third party defendant) who may have been wholly or partly liable either to the plaintiff or to the third party plaintiff on account of the same transaction or occurrence pursuant to Fed.R.Civ.P. 14(c). The private party, third party defendant, in General Marine argued that any dispute involving it and the government must be

resolved under the CDA and be dismissed pursuant to Fed.R.Civ.P. 12(b)(1). Although the General Marine Court recognized that the third party defendant was correct in characterizing the third party claim as relating to its government contract, it also recognized that by bringing in the third party claim, the action would proceeded as if it had been originally commenced directly against the third party defendant as well as the third party plaintiff (which is actually the case in the present matter). With that notion in mind, the Court noted that because the plaintiff, a private party, was not a party to the contract, it had no direct access to the CDA process to pursue a claim against the third party defendant, also a private party, if such issue presented itself. Id. The Court stated with regard to its holding that, "to conclude otherwise would result in the necessity of pursuing separate actions relating to plaintiff's initiatory claim . . ." Id. at 590.

In the present matter, the United States of America argues that exclusive jurisdiction lies in the claims court since Trucklease's cross-claim is premised on a government contract and therefore subject to the Contract Disputes Act. However, the picture before this Court is not as straightforward as the United States presents. One must take into consideration that the original claim by the plaintiff in this matter is based in tort. While the claims court may or may not have exclusive jurisdiction over the contract claims, it does not have jurisdiction over the underlying tort claim. Evaluating the crossclaim, in light of the above statutory principles, it is clear that Trucklease's crossclaim for indemnity is properly within the District Court's ancillary jurisdiction as such claim arose out of the same occurrence that is the subject matter of the plaintiff's complaint. See F.R.Civ.P. Rule 13(g).

Even assuming Rule 13(g) did not apply to this matter, there is still a basis for subject matter jurisdiction regarding Trucklease's crossclaim found within the PRA, 39 U.S.C. § 401(1) and 28 U.S.C. § 1500. This Court should follow the reasoning of the Ninth, Eleventh and the Third (through its dicta) Circuits and the District for the Eastern District of Pennsylvania in finding that the CDA is not an exclusive remedy to claims arising out of government contracts where the cross-claim for indemnification arises out of the same occurrence that is the subject matter of the plaintiff's complaint. See Licata v. United States Postal Serv., 33 F.3d 259, 262 (D.C. Cir. 1994); Wright v. United States Postal Service 26 F.3d 1426 (9th Cir. 1994); In re Liberty Construction, 9 F.3d. 800 (9th Cir. 1993); Marine Coatings of Alabama, Inc., v. United States, 932 F.2d 1370 (11th Cir. 1991); Pike v. United States Postal Serv., 886 F.Supp. 487 (E.D.Pa.1995). Although the First Circuit has not reached a decision on the issue, at least one District Court within this circuit, the Massachusetts District Court in General Marine Construction Corp. v. United States v. Philips Carter & Co., Inc., 738 F.Supp. 586 (1990), has found that rather than imposing the CDA procedures, a third party claim would be treated as arising out of the plaintiff's original claim on which the United States was defendant, even though the CDA may be applicable to that matter, in order to prevent the pursuit of separate actions related to the same claim. Id. Similarly, to have Trucklease file a claim for indemnification in the claims court that is related to and arising out of the same occurrence as the original action in this court, would create separate actions related to the same claim.

## II. THE THIRD PARTY DEFENDANT'S CROSSCLAIM SHOULD NOT BE DISMISSED PURSUANT TO F.R.CIV.P 12(b)(6)

The Federal Tort Claims Act (FTCA) makes the United States liable in tort for injury or loss of property or personal injury or death caused by a negligent act or wrongful act of any employee of the government acting within the scope of his or her employment. 28 U.S.C. §1346(b)(1); Charles v. United States, 15 F.3d. 400 (5th Cir. 1994). In order for the waiver to be effective, the FTCA requires plaintiffs to present an administrative claim to the responsible federal agency prior to the initiation of a suit. 28 U.S.C. §2675(a). However, the FTCA specifically exempts "such claims as may be asserted under the Federal Rules of Civil Procedure by third-party complaint, cross-claim or counterclaim," from its administrative exhaustion requirement. 28 U.S.C. §2675(a). With regard to crossclaims, "a dismissal of the original complaint as to one of the defendants named therein, does not operate as a dismissal of a crossclaim against such defendant by a co-defendant." See Impex Agr. Commodities Div. of Impex Overseas Corp. v. Leonard Parness Trucking Corp., 582 F.Supp. 260 (1984); Fairview Park Excav. Co. v. Al Monzo Construction, 560 F.2d 1122 (3d Cir. 1977). Therefore, dismissal of an original complaint does not then result in the dismissal of a crossclaim asserted prior to the dismissal against a named defendant in the original complaint. Impex Agr. Commodities Div. of Impex Overseas Corp. v. Leonard Parness Trucking Corp., 582 F.Supp. 260 (1984).

In the present matter, the United States argues that the Third Party Defendant, Trucklease's, crossclaim against it should be dismissed upon dismissal of the Plaintiff's claim for failure to file his original complaint in accordance with the FTCA. If the plaintiff's original complaint is ultimately dismissed based on the arguments set forth by

the United States, it does not follow that the crossclaim filed against the United States should also be dismissed. As shown above, the courts hold that when a crossclaim is asserted prior to the dismissal of the plaintiff's original complaint, the crossclaim is not dismissed. Furthermore, any failure on the part of the plaintiff to comply with the FTCA provisions, does not have any affect on the crossclaim set forth by Trucklease where the FTCA specifically exempts "such claims as may be asserted under the Federal Rules of Civil Procedure by third-party complaint, cross-claim or counterclaim," from the administrative exhaustion requirement. 28 U.S.C. §2675(a). Trucklease's claim against the United States arises under the contract. Whether the plaintiff's claim fails due to lack of jurisdiction is irrelevant with regard to Trucklease's crossclaim, which is contractual, and should survive any potential dismissal of plaintiff's claim. To do otherwise places Trucklease in the awkward and untenable position of defending itself in the Court against plaintiff, yet being deprived of the ability to secure the contractual defense and indemnification to which it is entitled under its contract with the United States by forcing it to pursue such a claim in the claim court at some other time. This is a waste of judicial resources and an unnecessary burden on Trucklease. The United State's motion should be denied and the crossclaim should survive.

## Conclusion

For the foregoing reasons, Defendant Trucklease respectfully requests that the Court deny the Defendant, United States of America's Motion to Dismiss.

Respectfully submitted,
The Defendant,
Trucklease Corporation,
By its attorney,

/s/ Michael D. Urban
Michael D. Urban
RI Bar No. 5611
Law Offices of Jacqueline L. Allen
One Liberty Square, 12th Floor
Boston, MA 02109
617-878-4618

**CERTIFICATE OF SERVICE**

I, Michael D. Urban, attorney for the Defendant, Trucklease Corporation, in the above-entitled action, hereby certify that on the 28th day of June, 2007, I electronically filed a copy of the within document through the ECF system of the United States District Court for the District of Rhode Island.

/s/ Michael D. Urban
RI Bar No. 5611
Law Offices of Jacqueline L. Allen
One Liberty Square, 12th Floor
Boston, MA 02109
617-878-4618