**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROBERT BRYANT, individually and as parent and next friend of KAYLA MARIE BRYANT,** | ) | |
| **Plaintiffs** | ) | |
| **v.** | ) | **C.A. NO. 07-104ML** |
| **UNITED STATES OF AMERICA and TRUCKLEASE CORPORATION, Alias,** | ) | |
| **Defendants** | ) | |

**DEFENDANT UNITED STATES OF AMERICA'S REPLY**
**TO DEFENDANT TRUCKLEASE'S OPPOSITION**
**TO MOTION TO DISMISS TRUCKLEASE'S CROSSCLAIM**

COMES NOW, the United States of America, and submits the following Reply to Defendant Trucklease's Opposition to Motion to Dismiss Trucklease's Crossclaim**.**

**I. This Court Lacks Subject Matter Jurisdiction Over Defendant Trucklease's Crossclaim for Indemnification Pursuant to the Contract Disputes Act, and Trucklease's Assertion of Ancillary Jurisdiction Fails Because This Court Does Not Possess Jurisdiction Over Plaintiffs' Tort Claim.**

Defendant Trucklease Corporation ("Trucklease") "moves that this Court also exercise the jurisdiction it unquestionably has over plaintiff's tort claim and exercise ancillary jurisdiction over its cross-claim that otherwise might be transferred to the claims court." Trucklease's Opp'n at 5. Trucklease relies on General Marine Construction Corp. v. United States, 738 F.Supp. 586 (D. Mass. 1990), in support of its argument that this Court exercise jurisdiction over its crossclaim against the United States. Trucklease's Opp'n at 6.

However, General Marine Construction Corp., is distinguishable from the case at hand. In General Marine Construction Corp., the Massachusetts district court relied on the "special

treatment afforded to admiralty cases." Id. at 589. The court pointed out that "Congress itself coordinated one aspect of the CDA with maritime law to the extent that it allowed appeal from the decision of a contracting officer to the District Court rather than to the Claims Court." Id. Further, the court stated that Fed. R. Civ. P. 14(c), which applies only to admiralty or maritime claims, "governs related claims even if the issues raised by those related claims, standing alone, would otherwise be subject to the CDA procedural scheme." Id. at 590.

Unlike General Marine Construction Corp., this case does not involve an admiralty or maritime claim. In addition, in General Marine Construction Corp., there was no issue of the court lacking jurisdiction as to plaintiff's claim, as is here. Notably, in making this argument, Trucklease ignores the fact that neither it nor Plaintiffs have opposed the United States' Motion to Dismiss for Lack of Jurisdiction that was filed on May 22, 2007.[1] In addition, Trucklease provides no supporting authority to its claim that this Court has unquestionable jurisdiction over Plaintiffs' tort claim in light of the fact that Plaintiffs failed to properly present their claims in a sum certain, as required by 28 C.F.R. § 14.2.

If this Court rules that it does not have jurisdiction over Plaintiff's tort claim, Trucklease's claims of ancillary jurisdiction is without merit. "[T]he dismissal of the original suit or of a counterclaim therein for lack of subject matter jurisdiction will require the court also to dismiss the cross-claim, unless that claim is supported by an independent basis of federal jurisdiction." 6 Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1433 (2d ed. 2007); see also Waste Systems, Inc. v. Clean Land Air Water Corp., 683 F.2d 927, 930 (5th

[1] No objection has been by filed by either Plaintiff or Trucklease to the United States' Motion to Dismiss for Lack of Jurisdiction, and the deadline for filing any response has long passed.

Cir. 1982) ("When the main action is dismissed for lack of subject matter jurisdiction, jurisdiction over the ancillary claims without an independent basis of federal jurisdiction also fails"); Pierce v. Perlite Aggregates, 110 F.Supp. 684, 687 (N.D. Cal. 1952) ("Ordinarily, when the original claim in connection with which a cross-claim arises is dismissed for lack of jurisdiction, the dismissal carries with it the cross-claim").

Trucklease argues that "a dismissal of the original complaint as to one of the defendants therein, does not operate as a dismissal of a crossclaim against such defendant by a co-defendant." Trucklease's Opp'n at 9. In support of this argument, Trucklease relies on Impex Agricultural Commodities: Division of Impex Overseas Corp. v Leonard Parness Trucking Corp., 582 F.Supp. 260 (D. N.J. 1984), and Fairview Park Excavating Co,, Inc. v. Al Monzo Construction Co., Inc., 560 F.2d 1122 (3rd Cir. 1977). Trucklease's Opp'n at 9. These decisions lend no support to Trucklease's argument as they involve dismissals of the original claim on nonjurisdictional grounds. In Impex, the court held that after the dismissal on the merits of plaintiff's claims against a co-defendant, crossclaims against that co-defendant remain. Impex, 582 F.Supp. at 262. Further, in Fairview Park, the court pointed out that in that case that "the original claim was dismissed on nonjurisdictional rather than jurisdictional grounds." Fairview Park, 560 F.2d at 1125. The court in Fairview Park recognized that, "[i]f a federal court dismisses a plaintiff's claim for lack of subject matter jurisdiction, any cross-claims dependent upon ancillary jurisdiction must necessarily fall as well, because it is the plaintiff's claim to which the cross-claim is ancillary that provides the derivative source of jurisdiction for the cross-claim." Id. Accordingly, Trucklease's crossclaim must also fall where, as is the case here, no subject matter jurisdiction exists as to plaintiffs' claims against the United States.

In addition, Trucklease asserts that the Postal Reorganization Act, 39 U.S.C. § 409(a), provides a basis for this Court to exercise jurisdiction over its crossclaim. For the reasons stated in the United States' Memorandum in Support of Motion to Dismiss Trucklease's Crossclaim, there is no independent jurisdictional ground for the crossclaim when the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. §§ 601-613, vests exclusive jurisdiction over contract claims with the United States Court of Federal Claims. The majority view, as expressed in the Second, Fourth, Fifth, Sixth, and D.C. Circuits, as well as other district courts in the First Circuit, is that the CDA vests exclusive jurisdiction in the Court of Federal Claims. See Mem. Supp. Mot. to Dismiss Crossclaim at 6; Up State Federal Credit Union v. Walker, 198 F.3d 372, 377 (2nd Cir. 1999) (holding that, pursuant to CDA, Court of Federal Claims has exclusive jurisdiction over contract claims against government). The majority view is also supported by the sweeping language and legislative history of the CDA. See Mem. Supp. Mot. to Dismiss Crossclaim at 7-8.

## II. Trucklease Has Failed to Point to Any Provision in the Contract that Requires the United States to Indemnify Trucklease.

Trucklease also argues that "[w]hether the plaintiff's claim fails due to lack of jurisdiction is irrelevant with regard to Trucklease's crossclaim, which is contractual, and should survive any potential dismissal of plaintiff's claim." Trucklease's Opp'n at 10. Trucklease's assertion fails in light of the express language of the United States Postal Service's ("USPS") contract with Trucklease. See Mem. Supp. Mot. to Dismiss Crossclaim at 11. Section 2.2(b) of the USPS's contract with Trucklease only requires the United States to be liable to third parties to the extent provided in the Federal Tort Claims Act ("FTCA"). See Mem. Supp. Mot. to

Dismiss Crossclaim at 11. Trucklease has failed to point to any provision in the contract that would require the United States to indemnify Trucklease when the United States is not liable to another party under the FTCA.

For the reasons stated above, Defendant United States of America respectfully requests the Court grant its motion to dismiss Trucklease's crossclaim.

Respectfully submitted,

ROBERT CLARK CORRENTE

United States Attorney

/s/ Ly T. Nguyen
LY T. NGUYEN, Bar No. 66676
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000(ph)/401-709-5017 (fax)
Email: ly.nguyen@usdoj.gov

CERTIFICATION OF SERVICE

I hereby certify that on this 9th day of July, 2007, I caused to be electronically filed the within Reply to Defendant Trucklease's Opposition to Motion to Dismiss Trucklease's Crossclaim, with the Clerk of the United States District Court for the District of Rhode Island, using the CM/ECF system. The following participant(s), as identified on the Notice of Electronic Filing, have received notice electronically:

James P. Howe
215 Broadway
Providence, RI 02903

Michael D. Urban
Law Offices of Jacqueline L. Allen
One Liberty Square, 12th Floor
Boston, MA 02109

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)
Email: ly.nguyen@usdoj.gov