**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROBERT BRYANT, individually and as parent and next friend of KAYLA MARIE BRYANT,** | ) | |
| **Plaintiffs** | ) | |
| **v.** | ) | **C.A. NO. 07-104ML** |
| **TRUCKLEASE CORPORATION, Alias,** | ) | |
| **Defendant** | ) | |

**UNITED STATES OF AMERICA'S MOTION TO QUASH PLAINTIFF'S SUBPOENA TO COMPEL ATTENDANCE OF UNITED STATES POSTAL SERVICE EMPLOYEE, OLABODE ODUNAIKE AND TO COMPEL PRODUCTION OF ODUNAIKE'S PRIOR STATEMENTS**

COMES NOW, the United States of America, through undersigned counsel, and files its Motion to Quash Plaintiff's Subpoena to Compel Attendance of United States Postal Service Employee, Olabode Odunaike and to Compel Production of Odunaike's Prior Statements. In accordance with District of Rhode Island Local Rule 12, the United States is filing simultaneously herewith a separate memorandum of law containing the authorities and reasoning supporting its position.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5017 (fax)
Email: ly.nguyen@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROBERT BRYANT, individually and as parent and next friend of KAYLA MARIE BRYANT,** | ) | |
| **Plaintiffs** | ) | |
| **v.** | ) | **C.A. NO. 07-104ML** |
| **TRUCKLEASE CORPORATION, Alias,** | ) | |
| **Defendant** | ) | |

**UNITED STATES OF AMERICA'S MEMORANDUM IN SUPPORT OF ITS MOTION TO QUASH PLAINTIFF'S SUBPOENA TO COMPEL ATTENDANCE OF UNITED STATES POSTAL SERVICE EMPLOYEE, OLABODE ODUNAIKE AND TO COMPEL PRODUCTION OF ODUNAIKE'S PRIOR STATEMENTS**

The United States of America, through undersigned counsel, submits its Memorandum in Support of its Motion to Quash Plaintiff's Subpoena to Compel Attendance of United States Postal Service Employee ("USPS"), Olabode Odunaike and to Compel Production of Odunaike's Prior Statements.

I. Introduction

Plaintiff Robert Bryant issued a subpoena to USPS employee Odunaike to compel him to testify and produce prior statements. (Exs. 1-2.) As the United States is no longer a party in this litigation, Plaintiff must comply with the USPS's Touhy regulation, 39 C.F.R. § 265.12, which requires, among other things, that Odunaike have authorization by the USPS General Counsel or her designee to testify and produce documents. Under the doctrine embodied in United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951), a federal employee, such as Odunaike, cannot be held

in contempt for refusing to testify or produce subpoenaed documents when such a refusal was based on a federal regulation prohibiting disclosure of documents or testimony without the authorization of the appropriate agency official. See id. at 468.

In accordance with the USPS Touhy regulation, the General Counsel has decided not to provide Odunaike authorization to testify or produce records. (Exs. 3-4). Therefore, Odunaike cannot be compelled to testify or produce records, and Plaintiff's subpoena should be quashed. Moreover, any review of that decision must be done in an action under the Administrative Procedures Act ("APA").

## II. Facts and Procedural History

On or about February 9, 2007, Plaintiff Robert Bryant, individually and on behalf of Kayla Bryant, an unemancipated minor child, filed a Complaint in the State of Rhode Island and Providence Plantations, Superior Court, against Olabode Odunaike and Trucklease Corporation. Plaintiffs alleged that Odunaike drove a vehicle owned by Trucklease in a negligent manner so as to cause it to collide with a vehicle operated by Plaintiff Robert Bryant. (Compl. ¶¶ 7-8.) On March 21, 2007, this action was removed to this Court pursuant to 28 U.S.C. § 2679(d)(2). On May 22, 2007, Odunaike filed a Motion to Substitute the United States for Odunaike which the Court granted and a Motion to Dismiss Plaintiffs' Claims for Lack of Jurisdiction. On June 4, 2007, the United States filed a Motion to Dismiss Trucklease's Crossclaim. On August 28, 2007, after a hearing on the United States' motions to dismiss, the Court granted the motions to dismiss, dismissing all claims against the United States.

After the United States was no longer a party to the case, Plaintiff Robert Bryant, through his attorney James P. Howe, sent a letter to Odunaike pursuant to 39 C.F.R. § 265.12 seeking his

testimony.[1] (Ex. 1.) In the letter dated December 26, 2007, Plaintiff elaborated that Odunaike's testimony was "relevant to determining questions of liability" in the case, that the information sought is not available through any other means because there are "disputed facts" and Odunaike was a fact witness, and that "[n]o document can be provided in lieu of testimony." (Ex. 1 at 1.)

In order to comply with 39 C.F.R. § 265.12(c)(2)(iii), "[i]f testimony is requested, [the demand for testimony must] contain a summary of the requested testimony and a showing that no document could be provided and used in lieu of testimony." Plaintiff, however, failed to include a summary of the requested testimony other than to state that there are "disputed facts." (See Ex. 1.) Further, Plaintiff failed to make the requisite showing that no document could be provided in lieu of testimony other than their general assertion that "[n]o document can be provided in lieu of testimony." (See Ex. 1.)

As to any request for records, Plaintiff was required to "describe the relevance of the record . . . to the proceeding, and why the information sought is unavailable by any other means." 39 C.F.R. § 265.12(c)(2)(ii). In the letter dated December 26, 2007, Plaintiff did neither, nor did they make a request for Odunaike's prior statements. (See Ex. 1.) On the contrary, the letter asserted that, "[n]o document can be provided in lieu of such testimony." (Ex. 1 at 1.)

In addition, Plaintiff issued a subpoena commanding Odunaike's testimony on January

---

[1] Title 39, Code of Federal Regulations, Section 265.12 provides the requirements to obtain testimony of USPS employees in actions where the United States is not a party. The USPS promulgated 39 C.F.R. § 265.12 under authority of the federal housekeeping statute, 5 U.S.C. § 301, to centralize decisions on releasing information in response to subpoenas. The federal housekeeping statute provides, "[t]he head of an Executive department or military department may prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property."

11, 2008, and commanding "[a]ny and all statements in [his] possession which [he] made concerning the incident of February 11, 2004." (Ex. 2 at 1.) The subpoena also failed to explain the relevance of the statements to the proceeding and why the information sought was unavailable by any other means. (See Ex. 2.) Copies of the December 26, 2007, letter and subpoena were sent to USPS District Manager in the Southeast New England District and to USPS General Counsel in Washington, D.C. (Exs. 1-2).

On January 4, 2008, the undersigned spoke to Attorney. Howe, in order to explain the USPS Touhy regulation, 39 C.F.R. § 265.12, which prohibits an USPS employee from testifying unless he is granted authorization by the USPS General Counsel. (Ex. 3.) Moreover, the undersigned inquired into the relevance of Odunaike's testimony in light of DelSanto v. Hyundai Motor Finance Co., 882 A.2d 561, 566 (R.I. 2005), which states that an owner-lessor of vehicle is not liable once there has been resolution of the controversy involving the person or entity that triggered the possibility of vicarious liability. (Ex. 3 at 1.) Attorney Howe then responded that there was legal authority for his claim against Trucklease, but did not provide undersigned counsel with the basis for his reasoning. (Ex. 3 at 1.) Undersigned counsel then confirmed the content of her conversation with Attorney Howe in a letter that day, and requested that he provide her with legal authority indicating that DelSanto did not apply. (Ex. 3 at 1-2.) As of the date of the filing of this motion, Plaintiff has not provided any legal authority showing that the DelSanto is not applicable to this case.

On January 9, 2008, Odunaike was instructed by the USPS, that he may not testify or produce records in the above-styled case. (Ex. 4.) On the same date, the USPS faxed a formal response to Howe explaining why the General Counsel, through its designee, was not granting

Odunaike authorization to testify or produce records. (Ex. 5.) In declining to grant Odunaike authorization to testify or produce records, the General Counsel found that Odunaike's testimony and any prior statements made by Odunaike would not be relevant in determining liability where all claims against the United States have been dismissed and where Plaintiff has no cause of action against Trucklease pursuant to the decision in DelSanto v. Hyundai Finance Co., 882 A.2d 561 (R.I. 2005). Moreover, in light of the decision in DelSanto, the General Counsel reasoned that Odunaike's testimony would not be in the interest of the United States given the futility of Plaintiff's claim against Trucklease and the United States' interest in protecting its human and financial resources.

Although Odunaike's deposition is presently scheduled for January 11, 2008, Plaintiff has agreed to stay the deposition until the Court resolves the issue of whether or not Odunaike can be compelled to testify without the authorization of the USPS General Counsel. (Ex. 3).

## III. Argument

### A. Valid USPS Regulations Prohibit USPS Employees From Testifying or Producing Documents in Private Litigation Contrary to the Direction of the USPS General Counsel

The USPS's Touhy regulations set forth the procedures that USPS employees must follow when subpoenaed to testify or produce documents about information acquired in the course of their official duties in an action to which the United States is not a party. As provided in 39 C.F.R. § 265.12(d)(2), an employee of the USPS may not testify or produce records without the prior authorization of the General Counsel of the USPS. The General Counsel or her designee (in this case, the Chief Counsel of the Torts Division) is the federal official with

authority to determine whether the production of documents or the appearance of an USPS employee witness is appropriate. See 39 C.F.R. §§ 265.12(b)(4), 265.12(d)(2), 265.12(d)(3).

The Supreme Court has long recognized specifically the authority of agency heads to restrict testimony and production of records of their subordinates through regulations. United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951); Boske v. Comingore, 177 U.S. 459 (1900). These regulations, issued by agencies pursuant to the Housekeeping Statute, 5 U.S.C. § 301, are commonly referred to as "Touhy" regulations, because they are similar to the Department of Justice regulations that were upheld in United States ex rel. Touhy v. Ragen. In the Touhy decision, the Supreme Court held that a Department of Justice employee could not be found in contempt of court for refusing to produce subpoenaed documents where his refusal was based upon a Department of Justice regulation prohibiting disclosure of documents without authorization from the Attorney General or his designee. Touhy, 340 U.S. at 468. The Court rejected the contention that the regulation invaded the authority of the courts to determine the admissibility of evidence. Id. at 468-69. The Supreme Court concluded that the regulation was valid and that the employee had properly refused to produce the requested documents. Id. at 468-69.

Cases since Touhy have consistently affirmed the validity of similar regulations, establishing that agencies have discretion in responding to a subpoena. See, e.g., In re Sun Pipeline Co., 831 F.2d 22, 23 n.3 (1st Cir. 1987) (citing Touhy and noting with approval district court's decision not to compel EPA employee to comply with state court subpoena where EPA had declined to permit deponent to testify); David Enters. v. EPA, 877 F.2d 1181, 1188 (3rd Cir. 1989) (refusing to overturn agency's decision not to allow testimony by agency employee);

Boron Oil Co. v. Downie, 873 F.2d 67, 69-70 (4th Cir. 1989), ("Touhy is a part of an unbroken line of authority which directly supports [the] contention that a federal employee may not be compelled to obey a subpoena contrary to his federal employer's instructions under valid agency regulations."); State of Louisiana v. Sparks, 978 F.2d 226, 234 (5th Cir.1992) ("As the Supreme Court has long held, such regulations unquestionably give Justice Department employees the authority, when so ordered by supervisors, to refuse to comply with a subpoena ordering disclosure of confidential files when the United States is not a party to a legal action."); Swett v. Schenk, 792 F. 2d 1447, 1452 (9th Cir. 1986) (Touhy doctrine is jurisdictional, precluding a court from compelling a federal employee to testify, regardless of the agency's reasons)

In this case, Odunaike has been expressly instructed not to testify or produce records requested in the subpoena issued to him by Plaintiff. (See Exs. 4-5.) Thus, he cannot be compelled to testify pursuant to Touhy and its progeny.

B. USPS's Actions Taken Pursuant to Its Touhy Regulations Are Subject to Review Under the APA, Not Rule 45 of the Federal Rules of Civil Procedure

"The proper method for judicial review of the agency's final decision is through the Administrative Procedures Act." Brooks v. Harris, No. Civ. A. 3:04CV91, 2004 WL 1347603 at *1 (E.D. Va. April 7, 2004) (quashing subpoena duces tecum issued to USPS employee as barred by sovereign immunity) (attached as Ex. 6). Only the APA creates a cause of action to challenge USPS's decision and waives the government's sovereign immunity from suit. See 5 U.S.C. § 702. Thus, where the United States is not a party to the underlying action, it is APA review or no review at all. See Houston Bus. Journal, Inc. v. Office of the Comptroller Currency, 86 F.3d 1208, 1212 n.4 (D.C. Cir. 1996) ("Under Touhy, neither state-court nor federal-court litigants

may obtain a subpoena ad testificandum against an employee of a federal agency that has enacted a Touhy regulation. . . . In that situation, the litigant must proceed under the APA . . . .") (citations omitted)); In re Boeh, 25 F.3d 761, 764 n.3 (9th Cir. 1994) (FBI agent could not be held in contempt for failing to comply with subpoena ad testificandum after Attorney General denied permission for agent to testify under agency regulations absent direct challenge to Attorney General's decision to withhold permission and ruling that permission was improperly withheld); Porter v. Cabral, Civil Action No. 04-11935-DPW, 2007 WL 602605 at *4 (D. Mass. Feb. 21, 2007) (declining to hear motion to compel and indicating that a separate action under the Administrative Procedure Act was required) (attached as Ex. 7).

## IV. Conclusion

For the reasons stated above, the United States respectfully requests that its Motion to Quash Plaintiff's Subpoena be granted.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5017 (fax)
Email: ly.nguyen@usdoj.gov

**CERTIFICATION OF SERVICE**

I hereby certify that on this 11th day of January, 2008, I caused to be electronically filed the within Motion to Quash Plaintiff's Subpoena to Compel Attendance of United States Postal Service Employee, Olabode Odunaike and to Compel Production of Odunaike's Prior Statements with the Clerk of the United States District Court for the District of Rhode Island, using the CM/ECF system. The following participant(s), as identified on the Notice of Electronic Filing, have received notice electronically:

James P. Howe
215 Broadway
Providence, RI 02903

Michael D. Urban
Law Offices of Jacqueline L. Allen
One Liberty Square, 12th Floor
Boston, MA 02109

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)
Email: ly.nguyen@usdoj.gov