**U.S. Department of Justice**

*United States Attorney*
*District of Rhode Island*

Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903

(401) 709-5000
FAX (401) 709-5001
CIVIL FAX (401) 709-5017

January 4, 2008

**VIA FACSIMILE (401) 831-9305**

James P. Howe, Esq.
215 Broadway
Providence, R.I. 02903

Re: Bryant v. Trucklease Corp., Civil Action No. 07-104 (District of Rhode Island)

Dear Mr. Howe:

I write to confirm the substance of our phone conversation on January 4, 2008, in which I advised you that the United States Postal Service ("USPS") received your letter and attached subpoena requesting the testimony of Olabode Odunaike, a USPS employee. I also stated that an employee of the USPS, where the United States is not a party, cannot testify unless he is granted authorization by the USPS General Counsel pursuant to 39 C.F.R. § 265.12 and supported by Touhy v. Ragen, 340 U.S. 462 (1951). Thus, Mr. Odunaike cannot be compelled to testify by the mere issuance of a subpoena without his employer's authorization.

Further, when I asked you the about the relevance of his testimony in light of the case DelSanto v. Hyundai Motor Finance Co., 882 A.2d 561 (2005), you indicated that there was legal support for your claim against Trucklease. However, when I asked you to provide the legal authority, you stated that "you did not want to get into it," and provided no legal authority regarding why the DelSanto decision did not apply to this case.

Despite our disagreement, you graciously stated that if the USPS General Counsel does not grant Mr. Odunaike with authorization to appear and testify, you will continue Mr. Odunaike's deposition, presently set for January 11th, until the Court resolves the issue. As I represented, I will attempt to provide you with a formal response to your Touhy request[1] on or before January 9, 2008, concerning whether or not the USPS's General Counsel will authorize Mr. Odunaike to testify.

---

[1] Your Touhy letter request did not request nor mention any prior statements made by Mr. Odunaike concerning the incident on February 11, 2004, and in fact, states, "no document can be provided in lieu of such [deposition] testimony." However, I do note that your subpoena issued to Mr. Odunaike requests, "Any and all statements in your possession which you made concerning the incident of February 11, 2004."

GOVERNMENT EXHIBIT 3

In the interim, if you have any legal authority showing that DelSanto does not apply in this case, I would kindly ask that you provide it to me, as to resolve the matter without the Court's involvement. If you have any questions regarding the above, or if I have misstated the substance of our conversation, please do not hesitate to contact me at (401) 709-5000.

Sincerely,

Ly T. Nguyen
Assistant U.S. Attorney

cc: Michael D. Urban, Esq.
Ellen Kelly, Esq.