LAW DEPARTMENT
NATIONAL TORT CENTER

UNITED STATES
POSTAL SERVICE

**VIA FACSIMILE**
**401/831-9305**

January 9, 2008

Mr. James P. Howe
Attorney at Law
215 Broadway
Providence, RI 02903

Re: Robert Bryant v. Trucklease Corp. No. 07-104
United States District Court, District of Rhode Island

Dear Mr. Howe:

This letter is in response to your letter dated December 26, 2007, and subpoena requesting the testimony of United States Postal Service employee Olabode S. Odunaike on January 11, 2008, pursuant to 39 C.F.R. § 265.12(c)(3)(i). You stated in your letter that Mr. Odunaike's testimony is needed "to ascertain the facts and circumstances of that accident [in which Mr. Odunaike was allegedly involved as a fact witness] which are relevant to determining questions of liability in the above matter." Although you did not make a request for any prior statements made by Mr. Odunaike in your letter, your subpoena issued to Mr. Odunaike demanded that he produce, "[a]ny and all statements in [his] possession which [he] made concerning the incident of February 11, 2004." We have reviewed your letter and subpoena, and have decided not to grant Mr. Odunaike with authorization to testify or to produce the records that you requested in this matter.[1]

As you know, the Postal Service has its own regulations governing the release of records and/or testimony in situations where the Postal Service is not a party to the litigation. The production of all postal records and/or testimony is governed by federal regulations designed to minimize the disruption of postal operations by private litigation. Rules and Regulations, Vol. 60 Fed. Reg. No. 65 (April 5, 1995). The validity of these regulations, known as "Touhy" regulations, after the Supreme Court's decision in United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951), has been consistently upheld. See, Moore v. Armour Pharmaceutical, 927 F. 2d 1194 (11th Cir. 1991); Boron Oil Co. v. Downie, 873 F 2d. 67 (4th Cir. 1989).

[1] While the December 26, 2007, letter references that Mr. Odunaike was served with a "Notice of Deposition," the Postal Service has no record of any such "Notice of Deposition."

P. O. BOX 66640
ST. LOUIS, MO 63166-6640
TEL: 314/872-5120
FAX: 314/872-5193

GOVERNMENT EXHIBIT
5

The regulations, which are codified at 39 C.F.R. § 265.12, require you to make a written demand for records or testimony, pursuant to the rules governing the legal proceeding in which the demand arises (in other words, pursuant to the applicable Rules of Civil Procedure), which identifies the requested records or states the nature of the requested testimony, which describes the relevance of the records or testimony, and which explains why the testimony or records sought are not available by any other means.[2] See, 39 C.F.R. § 265.12 (c)(2).

Pursuant to 39 C.F.R. § 265.12(d)(3)(i):

> The General Counsel may allow an employee to testify or produce records if the General Counsel determines that granting permission:
>
> (A) Would be appropriate under the rules of procedure in which the demand arises and other applicable laws, privileges, rules, authority, and regulations; and
>
> (B) Would not be contrary to the interest of the United States. The interest of the United States includes, but is not limited to, furthering a public interest of the Postal Service and protecting the human and financial resources of the United States.

First, allowing Mr. Odunaike to testify and produce prior statements that he made would not be appropriate under 39 C.F.R. § 265.12(d)(3)(i)(A). Although you assert that Mr. Odunaike's testimony is relevant to determine liability, we note that the Court has dismissed all claims against the United States. As a result, the United States cannot be held liable for Mr. Odunaike's alleged actions. Accordingly, Mr. Odunaike's testimony and the request for prior statements would not relevant in determining the liability of the United States.

Further, a review of the relevant case law strongly suggests that there is no legal basis for your derivative claim against Defendant Trucklease where the Court has dismissed all claims against the United States. In DelSanto v. Hyundai Motor Finance Co., 882 A.2d 561 (R.I. 2005), the Rhode Island Supreme Court stated that "[t]he owner-lessor [of the motor vehicle] . . . is not . . . itself a tortfeasor except by way of the legal fiction of vicarious liability." Id. at 565 (quoting DiQuinzio v. Panciera Lease Co. Inc, 612 A. 2d 40, 43 (R.I. 1992)). In DelSanto, the court held that the defendant Hyundai, the lessor of the vehicle, was not exposed to liability once plaintiff signed a document that released the lessee of the vehicle from liability. The court reasoned that, "vicarious liability does not convert a non-tortfeasor into a tortfeasor, and exposure to liability ceases once there has been a resolution of the controversy involving the person or entity that triggered the possibility of vicarious

[2] Notably, your December 26, 2007, letter made no mention of subpoenaed documents, nor did the letter describe the relevance of the documents, and why the documents sought are not available by any other means.

liability." Id. at 566. In the case at hand, claims against the United States, the alleged tortfeasor, that triggered the possibility of vicarious liability have been resolved because the Court dismissed these claims from the case. Consequently, as in DelSanto, Defendant Trucklease's exposure to liability as the owner-lessor of the vehicle ceases. Thus, Mr. Odunaike's testimony and any prior statements would not be relevant to determine the liability of Trucklease where Plaintiffs have no cause of action against Defendant Trucklease. See also Morales v. Town of Johnston, 895 A.2d 721, 727(R.I. 2006) (holding that statutory immunity of team coaches barred derivative claim against school district).

Second, allowing Mr. Odunaike to testify would not be in the interest of the United States under 39 C.F.R. § 265.12(d)(3)(i)(B). Mr. Odunaike's testimony would not further any public interest where his testimony would be futile because Plaintiffs have no cause of action against Defendant Trucklease or the United States. To allow Mr. Odunaike to testify, under these circumstances, would be contrary to protecting the United States' human and financial resources.

Accordingly, your request to obtain Mr. Odunaike's testimony and request for any prior statements that Mr. Odunaike made in connection with the incident occurring on February 11, 2004, is denied. Mr. Odunaike has been advised not to appear at the deposition on January 11, 2008, and not to produce the documents requested in your subpoena.[3] If you have any additional questions or concerns, please do not hesitate to contact our office.

Sincerely,

Ruth A. Przybeck
Chief Counsel
314/872-5156

cc: Olabode S. Odunaike
Mark T. Corbly
Kristen Rastelli
Ly Nguyen

[3] Although your subpoena states that you are requesting any and all statements in Mr. Odunaike's "possession," Mr. Odunaike has been advised that he cannot produce any prior statements that may be contained in Postal Service files and that were acquired or produced by him in the course of his official duties. See 39 C.F.R. § 265.12(a)(1)(i)-(iii).