Westlaw.



**H**
Brooks v. Harris
E.D.Va.,2004.
Only the Westlaw citation is currently available.
United States District Court,E.D. Virginia.
Mary Brown BROOKS, Plaintiff,
v.
Frank HARRIS, Defendant,
In re: SUBPOENA DUCES TECUM SERVED ON R. MAPLES, CUSTODIAN OF RECORDS, LABOR RELATIONS OFFICE, UNITED STATES POSTAL SERVICE, Movant.
**No. Civ.A. 3:04CV91.**

April 7, 2004.

Mary Brown Brooks, Richmond, VA, pro se.
Robert P. McIntosh, United States Attorney's Office, Richmond, VA, for Movant.

*FINAL ORDER*
WILLIAMS, Senior J.
*1 This matter is before the Court on the movant's motion to quash the subpoena duces tecum issued by the General District Court for the County of Chesterfield, Virginia. The movant has provided the *pro se* plaintiff the proper *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir.1975), notice pursuant to local practice rule 7(K), and the plaintiff has responded within the time allowed. For the reasons set forth below, the Court quashes the subpoena as barred by sovereign immunity.

I

On January 30, 2004, the General District Court for the County of Chesterfield, Virginia, issued a subpoena duces tecum on the movant, which the movant received on February 4, 2004. The subpoena was issued at the request of the plaintiff who is involved in a criminal proceeding against a postal employee for alleged assault and battery. The subpoena commanded production of "all statement[s] referring to investigation on or about assault and battery on 12-26-04[sic], statement from Labor Relation United State[s] Postal Services [sic] (Mr. R. Maples)." The subpoena was served on the movant in his capacity as an employee of the United States Postal Service, and arises out of litigation in which the United States is not a party.

On February 10, 2004, the movant filed a notice of removal in this Court, removing the subpoena issued to the movant. The movant moves to quash the subpoena because it did not comply with the federal regulations governing the production of Postal Service documents. As a result, the production of documents requested has not been approved.

II

The issue of a state court's jurisdiction to compel federal officials to produce documents is not new. In *Smith v. Cromer,* the United States Court of Appeals for the Fourth Circuit held that an order of a state court seeking to compel a federal official to comply with a state court subpoena is "an action against the United States, subject to the governmental privilege of sovereign immunity."159 F.3d 875, 879 (4th Cir.1998). Unless such immunity is waived, the state court "lacks jurisdiction to proceed against a federal employee acting pursuant to agency direction."*Id.* And because "a federal court's jurisdiction upon removal under 28 U.S.C. § 1442(a)(1) is derivative of the state court jurisdiction," the federal court can acquire no jurisdiction to enforce a state court subpoena or order upon removal. *Id.;seealsoBoron Oil Co. v. Downie,* 873 F.2d 67, 70 (4th Cir.1989) (holding that *United States ex. Rel. Touhy v. Ragen,* 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951), authorizes federal agencies to control the dissemination of information, and that "[t]he doctrine of sovereign immunity precludes the state

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

GOVERNMENT EXHIBIT 6

court-and the federal court which gained limited jurisdiction upon removal-from exercising jurisdiction to compel [a federal officer] to testify contrary to [the agency's] instructions").

In this case, federal regulations prohibit the subpoenaed party from producing Postal Service documents, as commanded by the subpoena duces tecum, unless the party seeking such information complies with the regulations' requirements. 39 C.F.R. § 265.12. The requirements are not complex yet the subpoena at issue in this case fails to comply with the requirements. The movant's motion to quash even outlines the information that is required for the plaintiff to make her request and provides the address where the request should be sent. If, after complying with the agency's requirements, the plaintiff is dissatisfied with the agency's response to the request, the plaintiff is not without recourse. The proper method for judicial review of the agency's final decision is through the Administrative Procedures Act. *See*5 U.S.C.A. §§ 701-706 (West 1996).*SeeSmith,* 159 F.3d at 881 (noting that defendant's "remedy, if any, for the Justice Department's actions in the instant case may be found in the Administrative Procedures Act ... which expressly limits such review authority to the federal courts"). However, the plaintiff has not established that she or anyone acting for her or the Commonwealth's Attorney's Office has complied with the applicable federal regulations governing the production of Postal Service documents pursuant to a subpoena duces tecum.

III

***2** For the reasons stated above, the Court GRANTS the movant's motion to quash the subpoena. Plaintiff is advised that she has the right to appeal the decision of the Court. Should she wish to do so, written notice of appeal must be filed with the Clerk of the Court within sixty (60) days of the date of entry hereof. Failure to file a timely notice of appeal may result in the loss of the right to appeal.

It is so ORDERED.

Let the Clerk send a copy of this Final Order to the plaintiff who is *pro se* and all counsel of record.

E.D.Va.,2004.
Brooks v. Harris
Not Reported in F.Supp.2d, 2004 WL 1347603 (E.D.Va.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.