STATE OF RHODE ISLAND
PROVIDENCE, SC

FEDERAL COURT

ROBERT BRYANT, Individually
And as parent and next friend of
KAYLA MARIE BRYANT

VS.

C.A. No.: 07-0760

OLABODE ODUNAIKE
and TRUCKLEASE CORPORATION, Alias
and Does 1 thru 5

MEMORANDUM AND SUPPORT
PLAINTIFF'S OBJECTION TO MOTION TO QUASH SUBPOENA
TO COMPEL ATTENDANCE OF A POSTAL SERVICE EMPLOYEE AT DEPOSITION,
AND TO COMPEL PRODUCTION OF PRIOR STATEMENTS

Now comes the Plaintiffs by and through counsel and object to the Motion to Quash Subpoena served upon Postal Service employee Olabode Odunaike.

Plaintiff has served a subpoena upon Olabode Odunaike, as a witness to an automobile accident involving the Plaintiff, Robert Bryant. Plaintiff submits that the testimony sought in this matter relates solely to what Odunaike saw and otherwise perceived during the automobile collision on February 11, 2004.

The testimony sought does not relate to any aspect of Odunaike's official duties as an employee of the U.S. Postal Service.

Pursuant to 39U.S.C.265.12 the testimony sought herein seeks information that is not prohibited from disclosure through the Federal Rules of Civil Procedure. 39U.S.C.265.12 states:

(A) (3) This section does not apply to any of the following:

(iii) An appearance by an employee in his or her private capacity in a legal proceeding in which the employee's testimony does not relate to the employee's official duties or the functions of the Postal Service.

Pursuant to Section (3) (ii) "Service of the demand for testimony… must be made in accordance with the applicable rules of Civil Procedure on the employee whose testimony is requested…"

The Plaintiff served and mailed appropriate notification in compliance with this section. In the instant matter the Plaintiff, in a Federal Court Action seeks to compel by lawful procedural means the testimony of a Federal Court employee, as a witness to an event unrelated to the his federal service.

Plaintiff is in agreement with the movant relative to the applicability and enforceability of "Touhy" regulations. Further, the applicability of the right of a litigant to seek redress pursuant to a cause of action under the Administrative Procedures Act 5-USC-701 is not disputed.

In the decision in Houston Business Journal, Inc. v. Office of Comptroller Currency 86F.3d 1208, 1212 (D.L. 1996) the Court recognized that "When a litigant seeks to obtain documents from a non-party federal government agency, the procedure varies depending on whether the underlying litigation is in federal or in state court. In state court the federal government is shielded by sovereign immunity, which prevents the state court from enforcing a subpoena."

In this matter the purpose of the subpoena is not complex, the evidence sought non controversial and unrelated to Government interests the "Touhy" regulations speak to.

The Houston Court stated "A federal-court litigant, on the other hand, can seek to obtain the production of documents from a federal agency by means of a federal subpoena. In federal court, the federal government has waived its sovereign immunity, see 5 U.S.C. 702, and neither the Federal Housekeeping Statute nor the Touhy decision authorizes a federal agency to withhold documents from a federal court. Exxon Shipping, 34F.3d at 777-78. To the extent that the Comproller's regulation, 12 C.F.R. 4.19 (1995), may be to the contrary, it conflicts with Federal Rule of Civil Procedure 45 and exceeds the Comptroller's authority under the Housekeeping Statute. See in re Bankers Trust Co., 61 F.3d 465, 469-71 (6th Cir.1995), cert. dismissed, ---U.S.---, 116 S.Ct. 1711, 134 L.Ed.2d 808 (1996). Accordingly, in past cases in which a federal-court litigant has come to federal district court in the District of Columbia to enforce a subpoena duces tecum against the Comptroller, this court has held that the district court owes no deference to the Comptroller in ruling on whether the documents are covered by the bank-examination privilege. See Schreiber v. Society for Sav. Bancorp, Inc., 11 F.3d 217, 220-21 (D.C.Cir.1993); Fleet Bank, 967 F.2d at 633-34.

The requirement of 39USC265.12 can be met so as to insure the testimony "least disrupts the employee's official duties."

Plaintiff prays this Honorable Court deny the Motion to Quash, sparing Court resources, and those of the parties, and allow the Plaintiff to proceed with discovery in accordance with the Federal Rules of Civil Procedure.

Plaintiffs
By their Attorney,

/s/ James P. Howe

James P. Howe #2716
215 Broadway
Providence, RI 02903
401-272-3900

**CERTIFICATION**

I hereby certify that on this 4th day of February, 2008 a true and accurate copy of the within were mailed, postage prepaid, to: **Michael D. Urban, Esquire**, Law Offices of Jacqueline L. Allen, 262 Washington Street, Suite 601, Boston, MA 02108, and **Li T. Nguyen, Esquire**, Assistant U.S. Attorney, Chief, Civil Division, U.S. Attorney's Office, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903.

/s/ James P. Howe