STATE OF RHODE ISLAND
PROVIDENCE, SC

FEDERAL COURT

ROBERT BRYANT, Individually
And as parent and next friend of
KAYLA MARIE BRYANT

VS.

C.A. No.: 07-0760

OLABODE ODUNAIKE
and TRUCKLEASE CORPORATION, Alias
and Does 1 thru 5

**MEMORANDUM OF LAW IN SUPPORT OF THE OBJECTION OF THE PLAINTIFF'S, ROBERT BRYANT, INDIVIDUALLY AND AS PARENT AND NEXT FRIEND OF KAYLA MARIE BRYANT, OF DEFENDANT TRUCKLEASE CORPORATION MOTION FOR JUDGMENT ON THE PLEADINGS**

Now comes the Plaintiffs and cite the following points and authorities in support of their Objection to Defendant's Motion for Judgment on the Pleadings.

**FRCP**
**Rule 12(c)**

FRCP 12(c), upon which the Defendant's Motion is based states:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for Judgment on the Pleadings.

**Standard of Review:**

A Motion pursuant to 12(c) prays a Court to engage in an examination of the Complaint in the "light most favorable to the Plaintiff, accept all of the Complaints factual allegations as true, and determine whether the Plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief" Ziegler v. IBP Hog Market Inc. 249 F3d 509 6th Cir 2001.

**Judgment on the Pleadings:**

In the instant matter the pleadings herein have not been, nor are they closed. Discovery continues, Defendant having recently notified counsel that Responses to Plaintiffs Interrogatories and Request for Production will be filed within one week.

In the instant matter an amended Discovery Order was entered by the trial court extending Discovery deadlines to May 2, 2008 and Motion deadlines to May 16, 2008.

The Motion filed by the Defendants is premature and not in accordance with procedural dictates.

Without waving its argument above Plaintiffs state that in the instant matter the automobile collision occurred on February 11, 2004. The Defendants in support of their Motion, cite the matter of Delsanto v. Hyundai Motor Finance Corp 882 a2d 561 (R.I. 2005) for the proposition that vicarious liability can not be relied upon by Plaintiffs in asserting liability against Defendant Trucklease Corporation. The decision in Delsanto is silent as to its retroactive or prospective application.

Further, at the time of the incident herein February 11, 2004 the state of the law in Rhode Island in fact recognized the doctrine of vicarious liability pursuant to RIGL 31-34-4 and 31-33-6. In the case of Oliveira v. Lombardi 749 a2d 453. RI (2002) the Rhode Island Supreme Court specifically held that a long-term lessor, as Defendant Trucklease is herein, is vicariously liable for the torts of its consensual operators.

The question then becomes what the State Law was at the time of the incident which is applicable to the Plaintiff Robert Bryant. The accident collision herein occurred on February 11, 2004. The decision in Oliveira was rendered on April 3, 2002. The decision in Delsanto was rendered on August 12, 2005. Incidentally the law known as the Transportation Equity Act of 2005 49 USC 30106, the Federal law preempting state vicarious liability laws to cases of negligence and criminal wrongdoing on the part of the owner, struck down as an unconstitutional exercise of legislative authority by the U.S. District Court for the Southern District of Florida, itself was not passed until August 12, 2005.

In the instant matter, at the time of the incident which forms the basis of this litigation, the law in Rhode Island clearly recognized vicarious liability and also the common law torts of negligence applicable to a vehicle owner, whose actions or inaction in its allowance of another to operate a vehicle lead to injury.

**Prospective/ Retroactive Effect:**

The question then is what law that of Oliviera or Delsanto should be applied herein. This substantive law question must be decided by the applicable law of the State of Rhode Island.

In the matter of Ondis v. Pion 497 A2d 13 (RI 1985) the Supreme Court addressed what effect is to be given to pending and future cases by it's decisions. The Ondis Court examined the United States Supreme Courts treatment of the issue, both in the Civil and Criminal areas. The Ondis Court stated:

"In fact, in those cases in which the Supreme Court has chosen to give prospective effect to a new rule by confining its operation to future cases arising from fact situations occurring after the announcement of the new rule, the rationale for such action has been (either) that the new rule is such a departure from clear past precedent that fairness and the administration of justice compels it Desist v. United States 394 U.S. 244, 89 S.Ct 1030, 22 L. Ed. 2d 248 (1969). Katz v. United States 389 U.S. 347, 88 S. Ct. 507 19 L. Ed. 2d 576 (1967).

In State v. Arpin 122 R.I. 643, 410 and 1340 (1980). The Rhode Island Supreme Court examined a number of cases relative to the issues of retroactivity and prospectivity and concluded:

"… this Court has chosen to apply new rules of law in the manner best suited to serve the interests of justice and to avoid hardship".

Delsanto was decided based upon a voluntary act of the Plaintiff therein, the voluntary exercise and execution of a release of the Defendant operator. In the instant matter no such fact exist. The procedural failure of notice pursuant to the Tort Claims Act 28 U.S.C. 2674 resulted in the dismissal of the Defendant operator. The procedural mandates of the act are inapplicable to the Defendants Trucklease Corporation. Trucklease Corporation seeks a benefit from a procedural scheme that was not intended for its benefit.

**Conclusion:**

Plaintiffs submit for the foregoing reasons that the Motion of the Defendant Trucklease Corporation for Judgment on the Pleadings pursuant to F.R.C.P. 12(c) be denied. Plaintiffs submit the Motion cannot be decided until such time as the pleadings are closed.

Plaintiffs
By their Attorney,

/s/ James P. Howe
James P. Howe #2716
215 Broadway
Providence, RI 02903
401-272-3900

**CERTIFICATION**

I hereby certify that on this 4th day of February, 2008 a true and accurate copy of the within were mailed, postage prepaid, to: **Michael D. Urban, Esquire**, Law Offices of Jacqueline L. Allen, 262 Washington Street, Suite 601, Boston, MA 02108, and **Li T. Nguyen, Esquire**, Assistant U.S. Attorney, Chief, Civil Division, U.S. Attorney's Office, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903.

/s/ James P. Howe