UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT BRYANT | : | |
| vs. | : | C.A. No. 07-0760 |
| TRUCKLEASE CORPORATION | : | |

**MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER**

Now comes Rhode Island Hospital (the "Hospital") and seeks a Protective Order from this Court and/or an Order quashing the subpoena served on or about April 28, 2008, regarding certain health care information sought in the above-captioned matter.

In support of this Motion, the Hospital states that the medical records sought are subject to protection by state law. In further support of the Motion, the Hospital provides the attached Memorandum of Law.

Rhode Island Hospital
By Its Attorney,

/s/ Linn F. Freedman
Linn F. Freedman (#4778)
NIXON PEABODY LLP
One Citizens Plaza
Providence, RI 02903
Telephone: (401) 454-1108
Fax: (866) 807-6614
E-mail: lfreedman@nixonpeabody.com

Dated: May 1, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of May, 2008, I filed this Motion to Quash electronically with the Court and sent a true copy of said Motion to Quash by first-class mail to:

Michael D. Urban, Esq.
Law Offices of Jacqueline L. Allen
One Liberty Square
12th Floor
Boston, MA 02109

James P. Howe, Esq.
215 Broadway
Providence, RI 02903

/s/ Linn F. Freedman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT BRYANT | : | |
| vs. | : | C.A. No. 07-0760 |
| TRUCKLEASE CORPORATION | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER**

Rhode Island Hospital (the "Hospital") hereby seeks a Protective Order from this Court and/or an Order quashing the subpoena served on or about April 28, 2003, regarding certain medical records of Robert Bryant (d/o/b 9-24-59) (see attached Exhibit "A") for the reasons set forth below.

**ARGUMENT**

**A. The Information Sought is Confidential and Privileged.**

The Confidentiality of Health Care Communications and Information Act (the "Act"), R.I. Gen. Laws § 5-37.3-1 et seq., generally bars the disclosure of a patient's confidential health care information without the patient's written consent. The Act also subjects violators to both actual and punitive damages, as well as criminal penalties. R.I. Gen. Laws § 5-37.3-4 (a)(1)-(3). Accordingly, persons seeking information protected by the Act must follow the specific procedures set forth in § 5-37.3-6.1.

The information protected by the Act includes "all information relating to a patient's health care history, diagnosis, condition, treatment or evaluation obtained from a health care provider who has treated the patient." R.I. Gen. Laws § 5-37.3-3 (3)(ii). The word "treated" is

not specifically defined. Any relationship with a health care provider may constitute treatment as contemplated by the Act.

The Act establishes a presumption in favor of privacy. With regard to the adjudication of a motion to quash, the Act requires that "the court shall grant a motion to quash unless the requesting party can demonstrate that there is reasonable grounds to believe the information being sought is relevant to the proceedings, and the need for the information clearly outweighs the privacy interest of the individual." R.I. Gen. Laws § 5-37.3-6.1 (d) (emphasis added). To that end, the Court is directed to consider: 1) the particular purpose for which the information was collected; 2) the individual's reasonable expectation of privacy in the information; 3) the degree to which disclosure of the information would embarrass, injure, or invade the privacy of the individual; 4) the effect of the disclosure on the individual's future health care; 5) the importance of the information to the lawsuit or proceeding; and 6) whether the information is available from other sources. R.I. Gen. Laws § 5-37.3-6.1 (e).

While there are certain statutory exceptions to the general rule barring disclosure of records, those exceptions are inapplicable when the records contain evidence regarding the use of drugs and alcohol, evidence of testing and/or results of testing for HIV, sexually transmitted diseases and mental health treatment. The aforementioned information may only be released by court order in accordance with the applicable rules of civil procedure. The information sought here involves privileged, sensitive records, and therefore, only an *in camera* review will adequately protect the interests of the patient and Rhode Island Hospital.

In the instant case, the information requested in the subpoena contains sensitive information. The patient has not provided the Hospital with an authorization form for the release of the requested records. Therefore, based upon the foregoing, the Hospital cannot release the

subject records. In addition, the party requesting the information has not provided the Hospital with certification that the patient has been given twenty (20) days' notice to object to the subpoena pursuant to the Act. Accordingly, Rhode Island Hospital respectfully requests that this Honorable Court issue a Protective Order and/or an Order quashing the subpoena issued.

Rhode Island Hospital
By Its Attorney,

/s/ Linn F. Freedman

Linn F. Freedman (#4778)
NIXON PEABODY LLP
One Citizens Plaza
Providence, RI 02903
Telephone: (401) 454-1108
Fax: (866) 807-6614
E-mail: lfreedman@nixonpeabody.com

Dated: May 1, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of May, 2008, I filed this Motion to Quash electronically with the Court and sent a true copy of said Motion to Quash by first-class mail to:

Michael D. Urban, Esq.
Law Offices of Jacqueline L. Allen
One Liberty Square
12th Floor
Boston, MA 02109

James P. Howe, Esq.
215 Broadway
Providence, RI 02903

/s/ Linn F. Freedman

# EXHIBIT A

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF Rhode Island

Robert Bryant

V.

Trucklease Corporation

## SUBPOENA IN A CIVIL CASE

Case Number:[1] 07-0760

United District Court for the District of Rhode Island

TO: Keeper of Records
Rhode Island Hospital
593 Eddy Street
Providence, RI

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): All medical records of any kind whatsoever for Robert Bryant, DOB 9/24/59, in your care, custody or control.

| PLACE | DATE AND TIME |
| --- | --- |
| Law Offices of Jacqueline L. Allen, One Liberty Square, 12th Floor, Boston, MA 02109** | Friday, May 2, 2008 2:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| Attorney for Defendant | 4/25/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER Michael D. Urban, Esquire
Law Offices of Jacqueline L. Allen, 12th Floor, One Liberty Square, 12th Floor, Boston, MA 02109 617-878-4618

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

A TRUE COPY ATTEST
J.F. MALLINSON
RI CONSTABLE # 6174
SERVED 4/28/08 10:51am

[1] If action is pending in district other than district of issuance, state district under case number.

**NOTE: You can comply with this subpoena by simply mailing the records to this address prior to the due date.

AO 88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________ ______________________
DATE SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

______________________

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).