**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| Robert Bryant, Individually and | ) | |
| as parent and next friend of | ) | |
| Kayla Marie Bryant, | ) | |
| Plaintiff, | ) | Civil Action No. 07-104ML |
| | ) | |
| v. | ) | |
| | ) | |
| Trucklease Corporation, | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

This action was commenced by the Plaintiff on or about February 11, 2004. In its original Complaint, the Plaintiff named as defendants, Olabode Odunaike and Trucklease Corporation.

The Defendant, Olabode Odunaike, was a postal employee at the time of the accident. Accordingly, the United States of America appeared and defended on behalf of Mr. Odunaike, and moved that the United States of America be substituted as a Defendant in place Olabode Odunaike. That Motion was granted by the Court.

After the United State of America was substituted for Olabode Odunaike as a Defendant, the United State of America subsequently moved for dismissal of all claims against it. That Motion was granted by the Court.

At this juncture, the only Defendant in the case is Trucklease Corporation. Trucklease Corporation was the owner and lessor of the vehicle operated by Mr. Olabode Odunaike. See Plaintiff's Complaint. A review of the Plaintiff's Complaint further discloses that Trucklease Corporation is not alleged to have

committed any negligent act, but rather is sued in its capacity as the vehicle's owner. Complaint, Paragraphs 3 and 7. While the Complaint is silent as to the alleged source of Trucklease Corporation's putative liability, the only basis of liability against Trucklease corporation could be via application of Rhode Island General Laws §31-33-6 and/or Rhode Island General Laws §31-34-4, which makes the owner or lessor of a vehicle vicariously liable under various circumstances. See Rhode Island General Laws § 31-33-6 and Rhode Island General Laws §31-34-4.

In the DelSanto v. Hyundai Motor Finance Co., 882 A.2d 561 (R.I. 2005), the Rhode Island Supreme Court held that the Defendant, Hyundai, which was the lessor of a vehicle involved in an accident, and who was sued for vicarious liability pursuant to Rhode Island General Law, §31-33-6 and Rhode Island General Law §31-34-4, was not exposed to liability once the Plaintiff had signed a document that released the lessee of the vehicle, who had actually caused the accident, from liability. The court reiterated an earlier holding that for purposes of Rhode Island General Laws § 31-33-6 and Rhode Island General Laws §31-34-4, "[t]he owner – lessor [of the motor vehicle] . . . is not . . . itself a tortfeasor except by way of the legal fiction of vicarious liability." Id. at 565 (quoting DiQuinzio v. Panciera Lease Co., Inc., 612 A.2d 40, 43 (R.I. 1992)). In granting summary judgment to the owner/lessor, Hyundai, the Court reasoned that, "vicarious liability does not convert a non-tortfeasor into a tortfeasor, and exposure to liability ceases once there has been a resolution of the controversy

involving the person or entity that triggered the possibility of vicarious liability." Id. at 566.

Here, Mr. Odunaike was the original tortfeasor. His negligent acts triggered the possibility of vicarious liability against Trucklease Corporation through the legal fiction created by the applicable Rhode Island statutes. The United States of America moved to substitute itself in place of Mr. Odunaike and that motion was granted by the Court. The United States of America was subsequently dismissed, on motion, by the Court. As such, there cannot be any finding of liability against the United States of America, or indeed Mr. Odunaike, which would trigger vicarious liability against the remaining Defendant, Trucklease Corporation. As a result, under the holding in DelSanto, Defendant Trucklease Corporation's exposure as the owner/lessor of the vehicle to liability by way of the statutory fiction of vicarious liability is extinguished. To paraphrase DelSanto, in plain English, once the United States was dismissed, Trucklease Corporation was no longer exposed to liability. DelSanto at 566. Under the circumstances, Defendant Trucklease Corporation is entitled to be dismissed from this litigation.

Respectfully submitted,
DefendantTrucklease Corporation,
By its Attorney,

/s/ Michael D. Urban
Michael D. Urban
RI Bar No. 5611
Law Offices of Jacqueline L. Allen
One Liberty Square, 12th Floor
Boston, MA 02109
617-878-4618

**CERTIFICATE OF SERVICE**

I, Michael D. Urban, attorney for the Defendant, Trucklease Corporation, in the above-entitled action, hereby certify that on the 31 day of January, 2008, I electronically filed a copy of the within document through the ECF system of the United States District Court for the District of Rhode Island.

/s/ Michael D. Urban
Michael D. Urban
RI Bar No. 5611
Law Offices of Jacqueline L. Allen
One Liberty Square, 12th Floor
Boston, MA 02109
617-878-4618