**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| Robert Bryant, Individually and as parent and next friend of Kayla Marie Bryant, Plaintiff, | ) | Civil Action No. 07-104ML |
| v. | ) | |
| Trucklease Corporation, Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**FACTS AND PROCEDURAL POSTURE**

This action was commenced by the Plaintiffs, Robert Bryant, individually and as next friend of Kayla Bryant, ("Plaintiffs") on or about February 11, 2004. In its original Complaint, the Plaintiff named as defendants Olabode Odunaike ("Odunaike") and Trucklease Corporation ("Trucklease"). (Exhibit 1: Complaint). Plaintiff sued Odunaike for negligence. (Exhibit 1: Complaint). Plaintiffs sued Trucklease on the theory of vicarious liability. (Exhibit 1: Complaint). It is unclear whether the Complaint alleged a direct cause of action against Trucklease for negligence apart from vicarious liability. (Exhibit 1: Complaint).

The suit was originally filed in Rhode Island Superior Court. It was removed to the United States District Court of the District of Rhode Island by the United States of America ("United States"). The United States appeared and defended on behalf of Odunaike, and moved that the United States be substituted as a Defendant in place Odunaike. That Motion was granted by the Court on May 23, 2007.

After the United State was substituted for Odunaike as a Defendant, the United States subsequently moved for dismissal of all claims against it due to lack of jurisdiction. That Motion was granted by the Court August 23, 2007.

The accident forming the basis for this case took place February 11, 2004. (Exhibit 1: Complaint; Exhibit 2: Police Report). The statute of limitations regarding any claims against Trucklease was governed by RIGL § 9-1-14(b). RIGL § 9-1-14(b) provided for a 3 year statute of limitations. Therefore, the statute of limitations regarding all claims against Trucklease expired February 11, 2007. (See Exhibit 2: Napoleone Affidavit).

Prior to the expiration of the statute of limitations, other than the instant case, no other suit was filed by Plaintiffs against Trucklease, the United States or Odunaike deriving form this accident. (Exhibit 2: Napoleone Affidavit). After expiration of the statute of limitations, February 11, 2007, no other suit was filed against Trucklease, the United States or Odunaike by Plaintiffs. (Exhibit 2: Napoleone Affidavit). After the United States was dismissed from this case, no other suit was filed against Trucklease, the United States or Odunaike. (Exhibit 2: Napoleone Affidavit). At this juncture, the only Defendant in this case is Trucklease and the only claim(s) against Trucklease by Plaintiffs are those which were made in the original Complaint. (Exhibit 2: Napoleone Affidavit).

The accident in question took place February 11, 2003. (Exhibit 1: Complaint; Exhibit 3: Police Report). At the time of the accident, Odunaike was a postal employee, employed by the United States Postal Service, and acting within the scope of his employment. (Exhibit 1: Complaint; Exhibit 2: Napoleone

Affidavit; Exhibit 4: Certification). Trucklease owned the truck involved in the accident and had leased it to the United States Postal Service. (Exhibit 2: Napoleone Affidavit; Exhibit 5: Lease). Trucklease did not hire or employ Odunaike at the time of the accident. (Exhibit 2: Napoleone Affidavit; Exhibit 4: Certification). Trucklease exercised no control over Odunaike at the time of the accident. (Exhibit 2: Napoleone Affidavit; Exhibit 4: Certification). Trucklease had no responsibility for training Odunaike prior to the accident. (Exhibit 2: Napoleone Affidavit). Trucklease had no responsibility for assuring Odunaike was properly licensed at the time of the accident. (Exhibit 2: Napoleone Affidavit). The truck in question during the term of the lease was maintained by the Trucklease. (Exhibit 2: Napoleone Affidavit; Exhibit 5: Lease). Trucklease is not aware of any defects in the truck at issue at the time of the accident that may have caused or contributed to cause the accident. (Exhibit 2: Napoleone Affidavit). Plaintiffs have not identified any defects in the truck which may have caused or contributed to cause the accident. (Exhibit 2: Napoleone Affidavit; Exhibit 6: Plaintiff's Answers to Interrogatories, Interrogatory 14). The Police Report regarding the accident does not make mention of any defects in the truck which may have caused or contributed to cause the accident. (Exhibit 2: Napoleone Affidavit; Exhibit 3: Police Report). Plaintiff has not identified an expert witness who will opine as to any defect in the truck causally related to the accident. (Exhibit 7: Plaintiff's Expert Disclosure).

## ARGUMENT

### A. Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue is "genuine" if the pertinent evidence is such that a rational finder of fact could render a verdict in favor of either party, and a fact is "material" if it "has the capacity to sway the outcome of the litigation under the applicable law." *Nat'l Amusements, Inc. v. Town of Dedham,* 43 F.3d 731, 735 (1st Cir.1995) (citation omitted).

The moving party bears the burden of showing the Court that no genuine issue of material fact exists. *Nat'l Amusements,* 43 F.3d at 735. Once the movant has made the requisite showing, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The court views all facts and draws all reasonable inferences in the light most favorable to the nonmoving party. *Reich v. John Alden Life Ins. Co.,* 126 F.3d 1, 6 (1st Cir.1997) (citation omitted).

### B. Trucklease is Entitled to summary Judgment on any Claims of Vicarious Liability

It is Trucklease's position that the Plaintiffs' Complaint does not state a claim directly against Trucklease for negligence, but rather, that the Complaint sues Tucklease only in its capacity as the vehicle's owner and/or lessor, and that,

therefore, the only basis of potential liability against Trucklease would be via application of Rhode Island General Laws §31-33-6 and/or Rhode Island General Laws §31-34-4, which makes the owner or lessor of a vehicle vicariously liable under various circumstances. See Rhode Island General Laws § 31-33-6 and Rhode Island General Laws §31-34-4.

In the DelSanto v. Hyundai Motor Finance Co., 882 A.2d 561 (R.I. 2005), the Rhode Island Supreme Court held that the Defendant, Hyundai, which was the lessor of a vehicle involved in an accident, and who was sued for vicarious liability pursuant to Rhode Island General Law, §31-33-6 and Rhode Island General Law §31-34-4, was not exposed to liability once the Plaintiff had signed a document that released the lessee of the vehicle, who had actually caused the accident, from liability. The court reiterated an earlier holding that for purposes of interpreting Rhode Island General Laws § 31-33-6 and Rhode Island General Laws §31-34-4, "[t]he owner – lessor [of the motor vehicle] . . . is not . . . itself a tortfeasor except by way of the legal fiction of vicarious liability." Id. at 565 (quoting DiQuinzio v. Panciera Lease Co., Inc., 612 A.2d 40, 43 (R.I. 1992)). In granting summary judgment to the owner/lessor, Hyundai, the Court reasoned that, "vicarious liability does not convert a non-tortfeasor into a tortfeasor, and exposure to liability ceases once there has been a resolution of the controversy involving the person or entity that triggered the possibility of vicarious liability." Id. at 566.

In DiQuinzio, which preceded DelSanto, the Court had considered whether Rhode Island's Workers' Compensation law, which barred a cause of

action by the Plaintiff, himself a State worker, against a fellow state worker who drove the vehicle involved in the accident which injured the plaintiff, also acted to bar a cause of action against the owner/lessor of the vehicle at issue, Panciera Lease Co., which had been sued solely under the theory of vicarious liability embodied in Rhode Island's owner/lessor vicarious liability statutes, Rhode Island General Laws §31-34-4. The Court first observed that the workers' compensation law barred suit against the fellow worker. Therefore, the Court found that because the suit against the owner/lessor of the vehicle existed only by reason of Rhode Island's vicarious liability statute, that any cause of action against the owner/lessor based on vicarious liability was extinguished when the suit against the underlying fellow employee was barred. In addition, in DiQuinzio, there was no direct cause of action asserted by the plaintiff against the vehicle's owner/lessor which might have allowed suit against the owner/lessor to have proceeded on a basis other than vicarious liability. As a result, since the vicarious liability claim failed, and no other viable claim existed against the owner/lessor, the owner/lessor was dismissed from the case.

Here, Odunaike was the original tortfeasor. His negligent acts triggered the possibility of vicarious liability against Trucklease through the legal fiction created by the applicable Rhode Island statutes. The United States moved to substitute itself in place of Odunaike and that motion was granted by the Court. The United States was subsequently dismissed, on motion by the United States, by the Court on August 23, 2007. At the time the United States was dismissed, August 23, 2007, the statute of limitations for any claim against Trucklease,

which was three years after the date of the accident, or February 11, 2007, had run. No claims against Trucklease the United States or Odunaike other than the claim in this suit existed as of the time the statute of limitations expired and as of the time the claims against the United States were dismissed. Due to the fact that the United States was dismissed, that at the time of dismissal the statute of limitations had expired as to all claims by Plaintiffs against any potential defendant, there cannot be any finding of liability against the United States, or indeed Odunaike, which would trigger vicarious liability against the remaining Defendant, Trucklease. As a result, under the holdings in DelSanto and DiQuinzio, Defendant Trucklease's exposure as the owner/lessor of the vehicle to liability by way of the statutory fiction of vicarious liability is extinguished. To paraphrase DelSanto, in plain English, once the United States was dismissed, Trucklease was no longer exposed to liability. DelSanto at 566. Under the circumstances, Defendant Trucklease is entitled to be dismissed from this litigation.

Even if the statute of limitations had not run, it is Trucklease's position that DelSanto and DiQuinzio would allow dismissal. If Odunaike or the United States are not parties, there can be no finding of liability entered against them in this case. Absent a finding of liability against Odunaike or the United States, there simply cannot be a finding of vicarious liability against Trucklease per the Rhode Island vicarious liability statutes.

Finally, the above arguments apply equally to the loss of consortium claim of Kayla Bryant. Rhode Island finds loss of consortium claims to be derivative

actions. Desjarlais v. USAA Ins. Co., 824 A.2d 1272 (2003). As such “these claims are not independent of their father's personal-injury claim, but “stand [ ] or fall [ ]” with it. Keeton, § 125 at 938.” Desjarlais, at 1282. A claim for loss of consortium is subject to the same statute of limitations as the injured party’s claim. Ryan v. Roman Catholic Bishop of Providence, Not Reported in A.2d, WL22048785, RI Superior, 2003, August 26, 2003. To the extent that Robert Bryant’s claim has been dismissed and the statute of limitations forever bars it, the derivative claim for loss of consortium by Kayla Bryant likewise is barred, and the statute of limitations cannot be tolled. Desjarlais v. USAA Ins. Co., 824 A.2d 1272 (2003)(loss of consortium claim by injured party’s wife and children filed separately barred by injured party’s settlement and release).

**C. Trucklease is Entitled to Summary Judgment on any Independent Claims of Negligence**

While Trucklease asserts that Plaintiffs’ Complaint states only a claim for vicarious liability pursuant to Rhode Island’s owner/lessor vicarious liability statutes, assuming for the purposes of argument that a separate claim of negligence was stated, that claim must fail. There is no evidence in this case that Trucklease committed any independent act of negligence giving rise to a direct claim of liability against it.

At the time of the accident, Odunaike was a postal employee, employed by the United States Postal Service, and acting within the scope of his employment. (Exhibit 1: Complaint; Exhibit 2: Napoleone Affidavit; Exhibit 4: Certification). Trucklease owned the truck involved in the accident and had leased it to the United States Postal Service. (Exhibit 2: Napoleone Affidavit;

Exhibit 5: Lease). Trucklease did not hire or employ Odunaike at the time of the accident. (Exhibit 2: Napoleone Affidavit; Exhibit 4: Certification). Trucklease exercised no control over Odunaike at the time of the accident. (Exhibit 2: Napoleone Affidavit; Exhibit 4: Certification). Trucklease had no responsibility for training Odunaike prior to the accident. (Exhibit 2: Napoleone Affidavit). Trucklease had no responsibility for assuring Odunaike was properly licensed at the time of the accident. (Exhibit 2: Napoleone Affidavit). The truck in question during the term of the lease was maintained by the Trucklease. (Exhibit 2: Napoleone Affidavit; Exhibit 5: Lease). Trucklease is not aware of any defects in the truck at issue at the time of the accident that may have caused or contributed to cause the accident. (Exhibit 2: Napoleone Affidavit). Plaintiffs have not identified any defects in the truck which may have caused or contributed to cause the accident. (Exhibit 2: Napoleone Affidavit; Exhibit 6: Plaintiff's Answers to Interrogatories, Interrogatory 14). The Police Report regarding the accident does not make mention of any defects in the truck which may have caused or contributed to cause the accident. (Exhibit 2: Napoleone Affidavit; Exhibit 3: Police Report). Plaintiff has not identified an expert witness who will opine as to any defect in the truck causally related to the accident. (Exhibit 7: Plaintiff's Expert Disclosure).

Given the total lack of evidence which could constitute a direct claim of negligence against Trucklease, Trucklease is entitled to summary judgment with regard to any direct claim of negligence.

## CONCLUSION

Trucklease is entitled to summary judgment as to all of Plaintiffs' claims.

Respectfully submitted,
Defendant
Trucklease Corporation,
By its Attorney,

/s/ Michael D. Urban
Michael D. Urban
RI Bar No. 5611
Law Offices of Jacqueline L. Allen
One Liberty Square, 12th Floor
Boston, MA 02109
617-878-4618

## CERTIFICATE OF SERVICE

I, Michael D. Urban, attorney for the Defendant, Trucklease Corporation, in the above-entitled action, hereby certify that on the 14th day of May, 2008, I electronically filed a copy of the within document through the ECF system of the United States District Court for the District of Rhode Island.

/s/ Michael D. Urban
Michael D. Urban
RI Bar No. 5611
Law Offices of Jacqueline L. Allen
One Liberty Square, 12th Floor
Boston, MA 02109
617-878-4618