STATE OF RHODE ISLAND FEDERAL COURT
PROVIDENCE, SC

ROBERT BRYANT, Individually
And as parent and next friend of
KAYLA MARIE BRYANT

VS. C.A. No.: 07-0760

OLABODE ODUNAIKE
and TRUCKLEASE CORPORATION, Alias
and Does 1 thru 5

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS OBJECTION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT**

The incident, which forms the basis of this litigation, occurred on February 11, 2004. Suit herein was filed, and this court granted a dismissal of the Defendant, United States on August 23, 2007. The cause of action alleged joint and several liability of the original Defendants, including the vehicle lessor Defendant Trucklease Corporation (Paragraph 8 of Complaint). The postal employee, Odunaike, operated the vehicle with the consent of Defendant Trucklease Corporation.

**Improper license:**

At the time of this incident, Odunaike operated this commercial vehicle, in the scope of, and furtherance of the business of the Postal Service. The Lease Contract, attached to Defendants Memorandum, clearly discloses the commercial nature of the agreement. Throughout the Lease, it's commercial nature is referenced.

Plaintiff points out this fact as it pertains to the vehicle operation, and Defendants knowledge or negligent failure to require that Odunaike operate the vehicle, a 1999 commercial cargo van, without a commercial Drivers License (Page 1 State of Rhode Island Uniform Accident Report). Rhode Island General Laws 31-10.3 et seq. is entitled the Rhode Island Uniform Commercial License Act. It's statement of intent and purpose is stated in R.I.G.L. 31-10.3-2 is to implement the Commercial Motor Vehicle Safety Act of 1986 (CMUSA) as codified in 49 U.S.C Section 31101 et seq. Its further intent, among others, is "(3) Strengthening commercial driver licensing and standards" R.I.G.L. 31-10.3-2 (A) (3). The Act goes on to state

that "(b) no person, except those expressly exempted in this chapter, shall drive any commercial Motor Vehicle upon a highway in this state unless that person has a valid commercial license under the provisions of this chapter for the type or class of vehicle being driven." The exemptions as referenced in R.I.G.L. 31-10.3-16 are inapplicable herein. The Plaintiffs submit that the failure of Defendant Trucklease Corporation to require their vehicles' operation to be undertaken by a duly licensed commercial operator endangers the motoring public.

The materiality of the fact that Odunaike was operating the vehicle without a proper license can be determined by a review of the mandates of R.I.G.L. 31-10.3 et seq. The training and certifications are necessary to ensure safe operation on the highways of commercial vehicles for the benefit of the motoring public. Trucklease's failure to require a valid licensed driver to operate its vehicles, in the course of their use, is itself an act of negligence and raises public policy considerations.

**Vicarious Liability:**

Plaintiffs state that in the instant matter the automobile collision occurred on February 11, 2004. The Defendants in support of their Motion, cite the matter of Delsanto v. Hyndai Motor Finance Corp 882 a2d 561 (R.I. 2005) for the proposition that vicarious liability cannot be relied upon by Plaintiffs in asserting liability against Defendant Trucklease Corporation. The decision in Delsanto is silent as to its retroactive or prospective application. Further, Plaintiff submits that the Delsanto decision is based upon its particular facts, that being the voluntary execution of a release by the injured party.

Further, at the time of the incident herein February 11, 2004 the state of the law in Rhode Island in fact recognized the doctrine of vicarious liability pursuant to R.I.G.L. 31-34-4 and 31-33-6. In the case of Oliveira v. Lombardi 749 a2d 453 RI (2002) the Rhode Island Supreme Court specifically held that a long-term lessor, as Defendant Trucklease is herein, is vicariously liable for the torts of its consensual operators.

The question then becomes what the state Law was at the time of the incident, which is applicable to the Plaintiff Robert Bryant. The accident collision herein occurred on February 11, 2004. The decision in Oliveira was rendered on April 3, 2002. The decision in Delsanto was rendered on August 12, 2005. Incidentally, the law known as the Transportation Equity Act of 2005 49 USC 30106, the Federal law preempting state vicarious liability laws to cases of

negligence and criminal wrongdoing on the part of the owner, which has been struck down as an unconstitutional exercise of legislative authority by the U.S. District Court for the Southern District of Florida, itself was not passed until August 12, 2005.

In the instant matter, at the time of the incident which forms the basis of this litigation, the law in Rhode Island clearly recognized vicarious liability and also the common law torts of negligence applicable to a vehicle owner, whose actions or inaction in its allowance of another to operate a vehicle lead to injury.

**Prospective/Retroactive Effect:**

The question then is what law that of Oliveira of Delsanto should be applied herein. This substantive law question must be decided by the applicable law of the State of Rhode Island.

In the matter of Ondis v. Pion 497 A2d 13 (RI 1985) the Supreme Court addressed what effect is to be given to pending and future cases by it's decisions. The Ondis Court examined the United States Supreme Courts treatment of the issue, both in the Civil and Criminal areas. The Ondis Court stated:

"In fact, in those cases in which the Supreme Court has chosen to give prospective effect to a new rule by confining its operation to future cases arising from fact situations occurring after the announcement of the new rule, the rationale for such action has been (either) that the new rule is such a departure from clear past precedent that fairness and the administration of justice compels it Desist v. United States 394 U.S. 244, 89 S. Ct 1030, 22 L. Ed. 2d 248 (1969). Katz v. United States 389 U.S. 347, 88 S. Ct. 507 19 L. Ed. 2d 576 (1967)

In State v. Arpin 122 R.I. 643, 410, and 1340 (1980). The Rhode Island Supreme Court examined a number of cases relative to the issues of retroactivity and prospectivity and concluded:

". . . this Court has chosen to apply new rules of law in the manner best suited to serve the interests of justice and to avoid hardship."

Delsanto was decided based upon a voluntary act of the Plaintiff therein, the voluntary exercise and execution of a release of the Defendant operator. In the instant matter, no such fact exists. The procedural failure of notice pursuant to the Tort Claims Act 28 U.S.C. 2674 resulted in the dismissal of the Defendant operator. The procedural mandates of the act are inapplicable

to the Defendants Trucklease Corporation. Trucklease Corporation seeks a benefit from a procedural scheme that was not intended for its benefit.

**Conclusion:**

Plaintiffs submit for the foregoing reasons that the Motion of the Defendant Trucklease Corporation for Summary Judgment be denied.

Plaintiffs
By their Attorney,

/s/ James P. Howe
James P. Howe #2716
215 Broadway
Providence, RI 02903
401-272-3900

**CERTIFICATION**

I hereby certify that on this 2nd day of June, 2008 a true and accurate copy of the within were mailed, postage prepaid, to: Michael D. Urban, Esquire, Law Offices of Jacqueline L. Allen, 262 Washington Street, Suite 601, Boston, MA 02108, and Li T. Nguyen, Esquire, Assistant U.S. Attorney, Chief, Civil Division, U.S. Attorney's Office, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903.

/s/ James P. Howe